## (January 12, 1982)

■ In the Matter of WILLIAM D. BURNS, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, THIRD JUDICIAL DEPARTMENT, Petitioner. — Respondent was admitted to the Bar by this court on February 6, 1958. In this proceeding to discipline him for professional conduct, he is charged with the following: conversion of $13,850 from an estate while serving as its executor and attorney; failure to comply with the Chemung County Surrogate's requests to file a report as to the estate's status and failure to honor promises made to the Surrogate concerning completion of the estate; neglect in the administration of the estate; payment of attorney's fees and executor's commissions from the estate without the prior approval of the Surrogate; and failure to co-operate with and misleading petitioner in its investigation concerning administration of the estate. Respondent admitted the charges, alleged circumstances in mitigation and moved for a reference. The proceeding was referred to a hearing Judge, who has filed a report which sustains the

---

charges and concludes that respondent's conduct "should not be condoned by allowing his continuation in the practice of law." Petitioner moves to confirm the report insofar as it sustains the charges of misconduct. Respondent moves to reject that portion which recommends that he not be permitted to continue in the practice of law. We have reviewed the evidence and given careful consideration to the circumstances urged in mitigation, including respondent's previously unblemished record as a member of the Bar for some 23 years and the excellent character references submitted on his behalf; his dedicated services to certain religious, educational and charitable organizations in his community; his sincere contrition for his misconduct; and the fact that the converted funds, which were used to pay college tuition costs and family medical expenses, have been repaid with interest. While respondent's serious misconduct cannot be minimized, since we are dealing with an isolated incident in an otherwise untainted record, we determine that suspension from the practice of law for a period of two years and thereafter until further order of the court is an appropriate sanction under the circumstances. Respondent suspended for a period of two years, the date of commencement to be fixed in the order to be entered hereon. Sweeney, J. P., Kane, Casey, Yesawich, Jr., and Weiss, JJ., concur.