[670 NYS2d 454]

In the Matter of SAMUEL J. ALBOM (Admitted as SAMUEL JAMES ALBOM), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, March 24, 1998

## APPEARANCES OF COUNSEL

*Jeremy S. Garber* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

No appearance for respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent was admitted to the practice of law in New York by the First Department on February 11, 1974, as Samuel

James Albom. During the period relevant to this proceeding he appeared as counsel to a debtor in a bankruptcy proceeding in the United States Bankruptcy Court, District of Connecticut (the Bankruptcy Court).

By order dated June 9, 1997, the Bankruptcy Court suspended respondent from legal practice, effective May 30, 1997, for a minimum of six months, at the expiration of which the court may vacate the suspension for good cause shown. The suspension arose from the Bankruptcy Court's finding that respondent was in contempt of its earlier order of March 6, 1997, which, in a case under chapter 7 of the Bankruptcy Code (11 USC), had directed him to pay the chapter 7 trustee the sum of $128,873. The March 6, 1997 order recited respondent's admissions that he had neither sought nor obtained the Bankruptcy Court's authority to represent the debtor and that he had neither sought nor obtained authorization to disburse funds from the debtor's bankruptcy estate in the aggregate amount of $128,873.

Petitioner Departmental Disciplinary Committee seeks an order pursuant to 22 NYCRR 603.3 suspending respondent based upon the similar discipline imposed by the Bankruptcy Court, or, in the alternative, sanctioning respondent as this Court deems appropriate. Respondent has not answered the petition.

None of the defenses that may be raised in a reciprocal disciplinary proceeding are available to respondent. (*See*, 22 NYCRR 603.3 [c].) There can be no claim that due process requirements were not satisfied in the Bankruptcy Court proceedings (*see*, 22 NYCRR 603.3 [c] [1]) or that there was an infirmity of proof establishing respondent's misconduct (*see*, 22 NYCRR 603.3 [c] [2]). The record reflects that respondent was given notice and an adequate opportunity to be heard in the proceedings in the Bankruptcy Court. He acknowledged on the record that he had disbursed substantial funds, including $57,200 in legal fees to himself, from the bankruptcy estate without authorization of the Bankruptcy Court, and, through his counsel, he stipulated to the finding of civil contempt and to the discipline imposed. Finally, we note that disbursement of funds from estates without court authorization constitutes misconduct in New York. (*See*, 22 NYCRR 603.3 [c] [3]; *see also*, *Matter of Burns*, 86 AD2d 697; *Matter of Gallow*, 110 AD2d 920.) Moreover, respondent's failure to comply with the Bankruptcy Court's order to pay the chapter 7 trustee the sum of $128,873 constituted civil contempt, a violation of Code of

Professional Responsibility DR 1-102 (A) (5) (conduct prejudicial to the administration of justice) and (8) (22 NYCRR 1200.3) (conduct adversely reflecting on the lawyer's fitness to practice law).

In this reciprocal disciplinary proceeding, we accord great weight to the jurisdiction which issued the sanction and adopt the punishment it imposed. (*See, Matter of Feuerstein*, 154 AD2d 184, 187.)

Accordingly, the Departmental Disciplinary Committee's petition is granted, and respondent is suspended, effective immediately, from the practice of law for a period of six months, pursuant to 22 NYCRR 603.3 (a), predicated upon the fact he was similarly disciplined by the United States Bankruptcy Court, District of Connecticut.

SULLIVAN, J. P., ROSENBERGER, WALLACH, MAZZARELLI and ANDRIAS, JJ., concur.

Petition granted, respondent suspended from the practice of law in the State of New York for a period of six months, effective immediately, and until the further order of this Court.