[608 NYS2d 437]

In the Matter of JAMES D. KAKOULLIS, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, March 3, 1994

**APPEARANCES OF COUNSEL**

*Andral N. Bratton* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

*James D. Kakoullis,* respondent *pro se.*

## OPINION OF THE COURT

Per Curiam.

The respondent, James D. Kakoullis was admitted to the practice of law in New York by the Second Judicial Department. At all times relevant to the matters herein the respondent has maintained an office for the practice of law in the First Department. By motion dated December 6, 1993, the Departmental Disciplinary Committee seeks an order pursuant to 22 NYCRR 603.4 (e) (1) (i), (ii) and (iii) suspending the respondent forthwith based upon substantial admissions under oath that he committed acts of professional misconduct, other uncontroverted evidence of professional misconduct and upon his failure to comply with the lawful demands of the Committee.

The Committee's investigation of the respondent was commenced in 1991 based upon, *inter alia,* four complaints filed against him all alleging neglect of matters and failure to contact clients. The respondent was deposed and admitted under oath that in 1986 he was retained by a client to prosecute a personal injury matter. He served a summons and complaint dated January 10, 1988 and the defendant defaulted in 1989. However, the respondent failed to move to enter judgment. He admitted that he lost the file in 1989 and did not realize that the file was lost until 1991 when the client filed her complaint with the Committee. Respondent admitted not contacting the client in over a year and, while he promised the Committee he would contact her, the record shows that as recently as December 1, 1993 he had not done so.

Another client retained the respondent in 1983 as substituted counsel to prosecute a personal injury case. This matter was dismissed in 1991 because of the respondent's neglect. The respondent admitted that, contrary to representations he had previously made to both the Committee and his client, he had failed to perfect the appeal from the order dismissing the action. Respondent was retained by another complainant to prosecute a personal injury action in 1988. Respondent admitted that there has been no activity on this matter since July of 1991. The record reflects that the respondent has refused to return the client's telephone calls and has failed to apprise her of the status of the case.

The fourth complaint against the respondent involves an estate matter. The respondent was retained by the wife of the deceased to handle her late husband's estate. A complaint was

filed with the Committee in 1993 because respondent had, to that date, failed to process the estate through probate. Respondent failed to answer this complaint. While respondent was advised of the consequences of his failure to answer, he has not filed an answer to date. Furthermore the complainant asserts in an affidavit that the respondent has not contacted her and has refused to return her calls.

The Committee asserts that the respondent has indisputably neglected his clients' matters and continues to do so. Moreover, the Committee maintains that the respondent has willfully refused to cooperate fully with the Committee. Therefore, the Committee concludes that the respondent's continued practice of law constitutes an immediate threat to the public. In addition to the Committee's contentions, we note that the respondent has been admonished due to his neglect of clients' matters on three prior occasions in October 1986, November 1990, and September 1991.

Respondent offers a list of numerous personal and family problems as mitigating factors. In addition, the respondent maintains that he will offer explanations in response to each of the complaints. He contends that suspension at this time would be inappropriate and premature.

The affirmation submitted by the respondent in opposition to the Committee's motion fails to address both his own admissions under oath made during his deposition, and the uncontested evidence of his continuing neglect of clients' matters and continuing failure to communicate with his clients. Also left unexplained is his continued failure to answer the fourth complaint lodged against him regarding the estate matter.

The record reflects that the respondent has been given more than ample opportunity to comply with the lawful demands of the Committee. We conclude, based on the respondent's admissions under oath, the uncontested evidence, conduct in these proceedings to date, and his three prior admonitions, that sufficient grounds exist upon which to grant the Committee's motion (see, Matter of Forman, 117 AD2d 71; Matter of Gruder, 109 AD2d 242).

Accordingly, the Departmental Disciplinary Committee's motion pursuant to 22 NYCRR 603.4 (e) (1) (i), (ii) and (iii) is granted in all respects and the respondent is suspended from the practice of law, effective immediately, and until further order of this Court.

ROSENBERGER, J. P., WALLACH, ROSS, ASCH and RUBIN, JJ., concur.

Petitioner's motion granted in all respects, and respondent is suspended from the practice of law, effective immediately, and until the further order of this Court.