[613 NYS2d 144]

In the Matter of Louis V. Viscomi, a Suspended Attorney, Respondent. Departmental Disciplinary Committee for the First Judicial Department, Petitioner.

First Department, May 31, 1994

## APPEARANCES OF COUNSEL

*Sarah Jo Hamilton* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

No appearance on behalf of respondent.

**OPINION OF THE COURT**

Per Curiam.

Respondent Louis V. Viscomi was admitted to the practice of law in New York by the Second Judicial Department on July 3, 1963. At all times relevant herein, respondent maintained an office for the practice of law within the First Judicial Department.

By order entered February 2, 1993, respondent was suspended from the practice of law by this Court pending the outcome of disciplinary proceedings based upon his willful failure to cooperate with the Departmental Disciplinary Committee in its investigations of three complaints which had been filed against respondent.

Petitioner Departmental Disciplinary Committee now seeks an order pursuant to 22 NYCRR 603.4 (d) confirming the Hearing Panel's findings, conclusions and recommendation that respondent be disbarred, that no application for reinstatement be considered until full resolution of the three aforesaid complaints, including, without limitation, return to the respective clients of any portion of unearned fees, if any, and that an attorney be appointed to inventory respondent's files.

A review of the record reveals that respondent was duly notified that, based on his failure to cooperate with the investigation into the three complaints filed against him, he had been charged with engaging in conduct prejudicial to the administration of justice in violation of Code of Professional Responsibility DR 1-102 (A) (5) (22 NYCRR 1200.3 [a] [5]) and conduct adversely reflecting on his fitness to practice law in violation of DR 1-102 (A) (7) (22 NYCRR 1200.3 [a] [7]), and that he nevertheless failed to appear before the Hearing Panel or to serve and file an answer to the charges. The Hearing Panel therefore properly deemed the charges admitted pursuant to 22 NYCRR 605.12 (c) (4) and recommended that respondent be disbarred.

In addition, the Hearing Panel found that respondent has thwarted the Committee's investigation into the allegations contained in the underlying complaints, thus preventing those matters from being resolved or charges being brought. We find that under these circumstances the Committee's further recommendation, i.e., that before any application for reinstatement can be considered the underlying complaints must be fully resolved, including, without limitation, the return to the

respective clients of any unearned fees, is warranted *(see, Matter of Segal,* 190 AD2d 295).

Finally, in light of respondent's failure to comply with the requirements of 22 NYCRR 603.13 (f) concerning the duties of a suspended attorney and his obligation to his clients, an attorney should be appointed to inventory respondent's files and to take such action as is necessary to protect the interests of all of respondent's clients (22 NYCRR 603.13 [g]).

Accordingly, the petition should be granted, the Hearing Panel's report should be confirmed, respondent should be disbarred with the proviso that no application for reinstatement should be considered until after full resolution of the Moody, Artese and Ortado complaints, including, without limitation, return to the respective clients of any portion of unearned fees, if any, and an attorney should be appointed to inventory respondent's files and take such action as is necessary to protect the interests of all of respondent's clients.

SULLIVAN, J. P., ROSENBERGER, ELLERIN, ROSS and ASCH, JJ., concur.

Application granted, the Hearing Panel's report confirmed, respondent disbarred as an attorney and counselor-at-law in the State of New York, effective May 31, 1994, and an attorney appointed to inventory respondent's files and take action to protect the interests of all of respondent's clients, all as indicated.