[635 NYS2d 191]

In the Matter of JAMES D. KAKOULLIS, a Suspended Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, December 12, 1995

## APPEARANCES OF COUNSEL

*Andral N. Bratton* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

No appearance for respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent, James D. Kakoullis, was admitted to the practice of law in the State of New York by the Second Judicial Department on March 15, 1978. At all times pertinent to this proceeding, respondent maintained an office for the practice of law within the First Judicial Department.

On or about November 22, 1993, respondent was served with a statement of charges alleging that he neglected matters of four clients, engaged in dishonest conduct, intentionally failed to carry out a contract of employment, effectively converted estate assets to his own use, failed to cooperate with the Committee's investigation into one of the complaints filed against him, failed to render an appropriate accounting to two clients and with respect to one of these clients failed to promptly turn over assets of an estate or maintain proper records. On December 22, 1993, respondent served an answer in which he denied the allegations of the complaint and alleged the misconduct of his clients and unspecified third persons as well as various medical and financial stresses as a defense.

Respondent was suspended from the practice of law by order of this Court entered March 3, 1994 pending further proceedings on the ground that he failed to cooperate with the Committee on one of the matters and uncontested evidence of his neglect on another matter *(Matter of Kakoullis,* 196 AD2d 85). Thereafter, respondent's counsel and staff counsel entered into a prehearing stipulation in which respondent admitted much of the misconduct alleged in the statement of charges including the various instances of neglect, failure to account, failure to promptly turn over client assets and failure to cooperate with the Committee. The balance of the Hearing Panel's hearing was focused upon the issue of sanction.

In attempting to explain his misconduct respondent described various personal family problems which took his attention

away from his practice. In addition, respondent acknowledged that he has a problem with procrastination, and was seeking therapy. However, the Panel noted that at the time of the hearing respondent still had not obtained any professional help even though he had been suspended for 10 months. In addition, it was noted that the respondent had failed to return all files to his clients following his March 1994 suspension. Respondent's explanation for his failure to return client files following his suspension was unsatisfactory. However, he promised the Panel that he would return all of the files. In addition, the record reflects that respondent had received three prior admonitions in 1986, 1988 and 1991 for neglect of client matters.

By petition dated June 8, 1995, the Departmental Disciplinary Committee moved to confirm the Hearing Panel's reported findings and recommendation of sanction. Therein it was stated by the Committee that respondent since the January 9, 1995 hearing continued to ignore his professional responsibilities and failed to cooperate with the Committee. The Committee cited the facts that the respondent did not return the client files as promised and respondent failed to respond to two of the complaints filed against him. Respondent's counsel was duly served with a copy of the petition on June 13, 1995. Neither counsel nor respondent answered the petition.

While the Committee's petition was pending, the Committee brought to this Court's attention the fact new instances of misconduct have been referred to them. Eight clients have advised the Committee that respondent failed to inform them about his suspension and did not return case files to them. Further, several clients have alleged that since the date of his suspension the respondent has held himself out to them as an attorney in good standing. Such blatant and willful disobedience of the orders and directions of this Court demonstrates the respondent's lack of fitness to practice law in this State and warrants a substantial sanction in order to protect the public. In this case disbarment is clearly appropriate (see, Matter of Viscomi, 197 AD2d 321).

Accordingly, the Committee's petition is granted, the Hearing Panel's findings of fact and conclusions of law are confirmed, the recommended sanction of suspension is disaffirmed, and it is ordered that the respondent is disbarred with his name to be stricken from the roll of attorneys forthwith.

ROSENBERGER, J. P., WALLACH, RUBIN, ROSS and ASCH, JJ., concur.

Petition granted, the Hearing Panel's findings of fact and conclusions of law confirmed, the recommended sanction of suspension disaffirmed, and respondent disbarred from practice as an attorney and counselor-at-law in the State of New York, and his name directed to be stricken from the roll of attorney and counselors-at-law in the State of New York, all effective December 12, 1995.