[821 NYS2d 889]

In the Matter of MICHAEL L. STEINDAM (Admitted as MICHAEL LLOYD STEINDAM), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, October 19, 2006

---

**APPEARANCES OF COUNSEL**

*Thomas J. Cahill, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Vitaly Lipkansky* of counsel), for petitioner.

*Sarah Diane McShea* for respondent.

**OPINION OF THE COURT**

Per Curiam.

Respondent Michael L. Steindam was admitted to the practice of law in the State of New York by the Second Judicial Department on November 2, 1977, under the name Michael Lloyd Steindam. At all times relevant to these proceedings, respondent was a partner in Bernstein & Steindam, P.C. until its dissolution on April 1, 2002. Since that time he has been a sole practitioner within the First Judicial Department.

The Departmental Disciplinary Committee seeks an order accepting respondent's affidavit of resignation from the practice of law pursuant to 22 NYCRR 603.11 and striking his name from the roll of attorneys.

Respondent's affidavit in support of his motion states that he is aware that he is the subject of formal disciplinary charges which center on an attorney escrow account that he maintained incident to his practice of law in his former law firm. Respondent acknowledges that he would be unable to defend himself against all of the charges, including charges that he intentionally converted client or third-party funds in violation of Code of Professional Responsibility DR 1-102 (a) (4) (22 NYCRR 1200.3) to pay business expenses for the firm. The charges allege that between January 2001 and February

2002, respondent periodically converted these funds from the escrow account, creating a continual deficit in the account with respect to the amount of client or third-party funds that should have been on deposit. The Committee notes that there are no outstanding complaints against respondent from clients as a result of his misconduct and, as of the date of the motion, the Lawyers' Fund for Client Protection did not have any pending claims or awards involving respondent.

Respondent further states he is tendering his resignation freely, voluntarily, and without coercion or duress, that he is fully aware of the implication of submitting his resignation, and he is represented by counsel. In mitigation, respondent states that no client of his or his former law firm is owed any funds, all clients were fully paid on a timely basis, and, when needed, he deposited personal funds into the IOLA account to ensure that all clients and third parties were timely paid. Respondent avers that he is deeply embarrassed and distressed by what he did, and since he opened his solo practice in April 2002, he has fully complied with the rules governing escrow accounts. Respondent states that he is in the process of winding down his practice, and he represents a number of clients on a pro bono or minimal fee basis. He is resigning because he feels "strongly that this is the honorable thing to do," he takes full responsibility for his actions and apologizes to the Committee and this Court.

Accordingly, the Committee's motion pursuant to 22 NYCRR 603.11 should be granted and respondent's name stricken from the roll of attorneys, effective immediately.

BUCKLEY, P.J., MARLOW, SWEENY, McGUIRE and MALONE, JJ., concur.

Respondent's resignation accepted, and his name stricken from the roll of attorneys and counselors-at-law in the State of New York, effective the date hereof.