[833 NYS2d 463]

In the Matter of LAWRENCE BERNSTEIN, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, April 12, 2007

**APPEARANCES OF COUNSEL**

*Thomas J. Cahill, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Vitaly Lipkansky* of counsel), for petitioner.

*Lawrence Bernstein*, respondent pro se.

### OPINION OF THE COURT

Per Curiam.

Respondent Lawrence Bernstein was admitted to the practice of law in the State of New York by the Second Judicial Department on December 23, 1964. At all times pertinent to this proceeding, he maintained an office for the practice of law within the First Judicial Department and was in a law partnership (from 1999 to March 2002) with Michael L. Steindam known as "Bernstein & Steindam, P.C." in which they were the only attorneys and/or partners. Respondent currently lives in Florida and is delinquent in his attorney registration fees (he was due to reregister with the Office of Court Administration in September 2006).

The Disciplinary Committee now seeks an order pursuant to 22 NYCRR 603.4 (d) and 605.15 (e) confirming the determination of the Hearing Panel and disbarring respondent from the practice of law based upon, among other things, intentional conversion of client funds.

The Committee filed formal charges against respondent and Steindam on January 6, 2006, alleging 20 separate violations of the Code of Professional Responsibility; charges 1-14 pertained to Steindam and charges 15-20 pertained to respondent. In his answer, respondent denied all of the charges. Shortly before a hearing was held, Steindam submitted his affidavit of resignation to this Court admitting that, inter alia, he could not defend himself against charges that he intentionally converted client or third-party funds from his law firm's IOLA account in order to pay business expenses for the firm. This Court accepted Steindam's resignation by order entered October 19, 2006 (*Matter of Steindam,* 36 AD3d 1 [2006]).

In a June 6, 2006 prehearing stipulation, respondent admitted liability as to three of the six charges against him. Specifically, respondent admitted he permitted and/or caused the balance of his law firm's IOLA account to "fall below the amount required to be on deposit for the firm's client matters" in violation of Code of Professional Responsibility DR 9-102 (a) (22 NYCRR 1200.46) (charge 16); that he failed to "participate in or oversee" the record keeping of his attorney IOLA account in violation of DR 1-102 (a) (7) (22 NYCRR 1200.3) (charge 17); and his failure to participate in or oversee said record keeping caused or failed to prevent the unauthorized invasion of funds

held in the account on behalf of others (i.e., invasions by both respondent and Steindam) in violation of DR 1-102 (a) (7) (charge 18).

Respondent denied liability with respect to the remaining three charges, to wit, charge 15, which alleged respondent intentionally converted $9,000 in escrow funds by making three separate withdrawals of $3,000 each in March 2001 in violation of DR 1-102 (a) (4); and charges 19 and 20, which alleged respondent failed to maintain a contemporaneous and separate ledger or similar accounting record detailing the purpose of each transaction in his firm's IOLA account in violation of DR 9-102 (d) (1) and (9).

On June 15, 2006, a hearing was held before a Referee at which respondent appeared pro se. Michael Steindam testified for the Committee and respondent testified on his own behalf.

In his report, the Referee recommended disbarment. The Referee sustained the intentional conversion charge, crediting Steindam's testimony that respondent admitted to him that he knew he had invaded clients' funds but planned on repaying the funds he had taken. Moreover, the Referee found respondent's actions of depositing $5,000 of his own funds into the IOLA account clearly demonstrated his "knowing invasion of funds set aside for clients." In crediting Steindam's testimony, the Referee found that he had "no motive to testify other than truthfully" since he had resigned in the face of the charges against him. On the other hand, the Referee rejected respondent's proffered mistake-of-fact defense whereby respondent claimed he lacked the specific intent to be found liable of intentional conversion because he had relied upon the false assurances by Steindam that there was sufficient law firm funds to withdraw.

Moreover, a key element to the Referee's determination that respondent converted client funds was his deposit of $5,000 in personal funds two months after he withdrew the $9,000. Steindam testified that respondent admitted the deposit was to repay the IOLA account for funds he had converted, whereas, respondent was unable to credibly explain the deposit, even offering "conflicting" hearing testimony about it. The Referee also determined that respondent had a "motive to invade" escrow funds because of the serious financial pressures he was under, including stock margin calls, tax liens, and wage garnishment. Finally, the Referee noted that respondent had failed to present any mitigation evidence. Consequently, the Referee found, in accordance with case precedent, that respondent's misconduct warranted disbarment.

A Hearing Panel heard oral argument on October 11, 2006. The Committee recommended confirmation of the Referee's report except to the extent that he did not sustain charges 19 and 20, and that respondent be disbarred. Respondent argued that he should receive a sanction less than disbarment. The Panel followed the Committee's recommendation and found respondent also liable on charges 19 and 20.

In modifying the Referee's findings as to charges 19 and 20, the Panel noted that the Referee had failed to discuss his basis for those findings. The Panel sustained charges 19 and 20 on several grounds, most notably that respondent stipulated to paragraph 50 of the statement of charges, "which alleged that Respondent did not review records for the escrow account, did not otherwise oversee management of the account, and was unaware of the balance in the account," that neither respondent nor Steindam testified to ever seeing any ledger, and no such ledger was ever produced by them despite the Committee's demand, and respondent also admitted that, among other things, when he wrote checks from the escrow account he had "no idea" what the balance was or whose money was in the account.

As to sanction, the Panel determined that disbarment was warranted based upon respondent's intentional conversion of client or third-party funds and the complete absence of mitigation, as well as based upon the additional charges of misconduct. Consequently, the Hearing Panel found respondent liable on all six charges and recommended his disbarment.

We find that the evidence supports the Hearing Panel's findings of liability with respect to all six charges and that, therefore the Panel's determination that respondent engaged in conduct that violated DR 1-102 (a) (4) and (7) and DR 9-102 (a) and (d) (1) and (9), should be confirmed.

This Court has consistently held that absent "extremely unusual mitigating circumstances," an attorney who has intentionally converted client funds is presumptively unfit to practice law (*see Matter of Birnbaum,* 308 AD2d 180, 183 [2003]; *Matter of Kirschenbaum,* 29 AD3d 96 [2006]; *Matter of Schmell,* 27 AD3d 24 [2006]). Here, respondent failed to present any evidence in mitigation.

Accordingly, the Committee's petition should be granted, the Hearing Panel's determination of liability as to charges 15-20 should be confirmed, the Referee's report, to the extent that it

determined that charges 19 and 20 were not sustained, should be disaffirmed, and respondent should be disbarred and his name stricken from the roll of attorneys and counselors-at-law in the State of New York.

TOM, J.P., SULLIVAN, WILLIAMS, BUCKLEY and MALONE, JJ., concur.

Respondent disbarred, and his name stricken from the roll of attorneys and counselors-at-law in the State of New York, effective the date hereof.