[923 NYS2d 53]

In the Matter of BJORN J. HOLUBAR (Admitted as BJORN JEFFERY HOLUBAR), a Suspended Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, April 21, 2011

APPEARANCES OF COUNSEL

*Jorge Dopico, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Kevin P. Culley* of counsel), for petitioner.
No appearance for respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent Bjorn Jeffery Holubar was admitted to the practice of law in the State of New York by the Second Judicial Department on December 17, 1997. At all times relevant to the misconduct which underlies this proceeding, he maintained an office for the practice of law within the First Judicial Department.

On April 20, 2010, based on respondent's failure to satisfy a judgment and cooperate with the Departmental Disciplinary Committee's (Committee) investigation regarding claims of professional misconduct, all of which resulted in the initiation of the formal charges against respondent discussed below, we suspended respondent from the practice of law pursuant to 22 NYCRR 603.4 (e) (1) (i) and (iv) (*Matter of Holubar*, 73 AD3d 214 [2010]).

On January 15, 2010, the Committee served respondent with a first amended notice and statement of charges, which in addition to previously asserted allegations* against respondent, contained a host of new allegations. Specifically, the Committee alleged that respondent was guilty of 47 counts of professional misconduct inasmuch as he violated multiple sections of the Disciplinary Rules of the Code of Professional Responsibility (Code) and/or the Rules of Professional Conduct (Rules). The charges stemmed from eight separate and unrelated complaints made to the Committee by respondent's former clients, misconduct discovered by the Committee during the course of sua sponte investigations into two matters where respondent represented clients, respondent's failure to cooperate with the Committee when it attempted to investigate some of the claims asserted against him, and respondent's failure to register as an attorney with the Office of Court Administration and pay the required fee.

Charge 12 of the Committee's first amended statement of charges alleged that respondent engaged in conduct involving

---

* Respondent was originally served with a notice and statement of charges on August 28, 2009, which he neither answered nor responded to. The first amended notice and statement of charges was precipitated by seven new complaints asserted against defendant after the charges were initially brought.

dishonesty, fraud, deceit or misrepresentation in violation of Code of Professional Responsibility DR 1-102 (a) (4) (22 NYCRR 1200.3 [a] [4]) insofar as respondent, during the course of the Committee's investigation of a complaint filed against him by a former client, testified at a deposition and knowingly gave false testimony. Similarly, charge 17 of the first amended statement of charges alleged that in the course of the Committee's investigation into another unrelated complaint filed against respondent by a former client, he engaged in conduct involving dishonesty, fraud, deceit or misrepresentation in violation of DR 1-102 (a) (4) (22 NYCRR 1200.3 [a] [4]), insofar as he interposed an answer which knowingly contained false statements and knowingly gave false testimony at a deposition. Respondent provided no response to allegations in the Committee's first amended statement of charges nor did he interpose an answer, thereby prompting the Committee to send respondent a letter apprising him of his default and informing him that a hearing on these charges would be held on March 19, 2010.

On March 17, 2010, the Committee served respondent with a first supplemental notice and statement of charges, wherein it alleged that respondent was guilty of further professional misconduct stemming from one of the previously asserted complaints. Specifically, charge 48 of the first supplemental statement of charges alleged that respondent engaged in conduct involving dishonesty, fraud, deceit or misrepresentation in violation of DR 1-102 (a) (4) (22 NYCRR 1200.3 [a] [4]) and Rules of Professional Conduct rule 8.4 (c) (22 NYCRR 1200.0), when he knowingly and intentionally converted client funds by withdrawing them from his escrow account for personal use without the client's permission. Respondent provided no response to these additional charges nor did he interpose an answer.

On March 19, 2010, a hearing was held in respondent's absence before a Referee. Due to respondent's default, the Referee deemed all the allegations in the Committee's first notice and statement of charges admitted as true and found that respondent violated the Code and/or Rules alleged in all 47 charges. Notwithstanding respondent's default, the Referee also found that respondent had violated the Code and/or Rules alleged in the charges based on the overwhelming documentary evidence proffered by the Committee. The hearing was continued on April 12, 2010 and respondent was so apprised, giving him an opportunity to appear. Respondent did not appear and the Referee again found that respondent's failure to appear con-

stituted a default. All the allegations in the first supplemental notice and statement of charges asserting that respondent had violated the Code and/or Rules relating to three additional charges were deemed admitted as true. The Referee further noted that notwithstanding respondent's default, the documentary evidence proffered by the Committee established respondent's violation of the Code and/or Rules as alleged.

The hearing before the Referee resumed and concluded on April 19, 2010. Respondent was not present despite being so apprised and the Referee conducted the mitigation hearing in respondent's absence. The Referee concluded that the appropriate sanction for respondent's conduct was disbarment. The Referee issued a report detailing his recommendation, wherein he reiterated that upon respondent's default, all of the charges against him were deemed admitted. Disbarment, the Referee concluded, was the appropriate sanction based on respondent's refusal to cooperate with the Committee's investigation and his failure to appear and contest the charges. The Referee further concluded that disbarment was warranted based on respondent's conversion of client funds and, independently, due to his intentional misrepresentation to the Committee during the course of its investigation into two separate complaints, since such acts violated DR 1-102 (a) (4) (22 NYCRR 1200.3 [a] [4]) and rule 8.4 (c) (22 NYCRR 1200.0).

The report was reviewed by a Hearing Panel, respondent was again so notified and he nevertheless failed to appear. The Hearing Panel adopted the Referee's recommendation of disbarment.

The Committee now petitions this Court for an order pursuant to 22 NYCRR 603.4 (d) and 605.15 (e) (2) and Judiciary Law § 90 (2), confirming the Referee's report and the determination of the Hearing Panel thereby disbarring the respondent. Respondent, pro se, has not answered the petition. Since the Referee's findings of fact and conclusions of law sustaining all 50 charges of respondent's professional misconduct are amply supported by the record (*Matter of Militello*, 76 AD3d 364, 365-366 [2010]; *Matter of Alejandro*, 65 AD3d 63, 65 [2009]), we hereby grant the Committee's petition in its entirety.

The Referee properly ruled that respondent, in failing to appear at the hearing, defaulted, thus warranting admission of all charges alleged by the Committee (22 NYCRR 605.12 [c] [4]; *Matter of McClain-Sewer*, 77 AD3d 204, 205 [2010]; *Matter of Sheehan*, 48 AD3d 163, 167 [2007]; *Matter of Goldsmith*, 43 AD3d 158, 161 [2007]). The record establishes that respondent

was duly served with both the first amended notice and statement of charges and the first supplemental notice and statement of charges, that he failed to interpose an answer or otherwise respond to the charges, and that despite ample notice, he failed to appear at any of the hearings. The Referee thus properly concluded that respondent defaulted and correctly deemed as true all the charges alleged by the Committee in their first amended and supplemental statement of charges.

Upon concluding that respondent, by his default, admitted charge 48, namely, that he intentionally converted client funds, in violation of DR 1-102 (a) (4) (22 NYCRR 1200.3 [a] [4]) and rule 8.4 (c) (22 NYCRR 1200.0), disbarment is indeed the appropriate sanction since it is well settled that "absent extreme mitigating circumstances, attorneys who have intentionally converted client funds have committed serious professional misconduct, which warrants disbarment" (*Matter of Sheehan* at 167 [internal quotation marks omitted]; *Matter of Bernstein*, 41 AD3d 49, 52 [2007]; *Matter of Kohn*, 31 AD3d 203, 206 [2006]; *Matter of Schmell*, 27 AD3d 24, 27 [2006]). Moreover, disbarment is also the proper sanction where as here, as per charges 12 and 17, respondent intentionally misrepresented facts to the Committee during the course of its investigation (*Matter of Alejandro*, 65 AD3d 63, 66 [2009], *appeal dismissed* 13 NY3d 788 [2009], *lv denied* 13 NY3d 714 [2009] ["(h)ere, however, as the Referee correctly noted, respondent's pattern of untruthful testimony while under oath before Committee staff constitutes significant misconduct, entirely independent of all his other misconduct which already justifies his disbarment"]). Lastly, since failure to cooperate with the Committee's investigation coupled with the failure to appear at disciplinary hearings are independent grounds for disbarment (*Matter of Noland*, 223 AD2d 82, 83 [1996]; *Matter of Viscomi*, 197 AD2d 321 [1994]), the Referee and Hearing Panel's recommendation that respondent be disbarred is additionally appropriate.

Accordingly, the Committee's motion should be granted in its entirety, the findings of fact and conclusions of law of the Referee and the Hearing Panel confirmed, respondent disbarred, and his name stricken from the roll of attorneys and counselors-at-law in the State of New York, effective immediately.

FRIEDMAN, J.P., MOSKOWITZ, RENWICK, FREEDMAN and ROMÁN, JJ., concur.

Respondent disbarred and his name stricken from the roll of attorneys and counselors-at-law in the State of New York, effective the date hereof.