[940 NYS2d 627]

In the Matter of JAMIS M. JOHNSON (Admitted as JAMIS MEL-
WOOD JOHNSON), an Attorney, Respondent. DEPARTMENTAL
DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPART-
MENT, Petitioner.

First Department, March 22, 2012

**APPEARANCES OF COUNSEL**

*Jorge Dopico, Chief Counsel, Departmental Disciplinary Com-
mittee,* New York City (*Raymond Vallejo* of counsel), for
petitioner.

*Jamis M. Johnson,* respondent pro se.

**OPINION OF THE COURT**

Per Curiam.

Respondent Jamis Melwood Johnson was admitted to the
practice of law in the State of New York by the First Judicial

Department on February 4, 1980. At all times relevant to this proceeding, respondent maintained an office for the practice of law in Salt Lake City, Utah.

· The Departmental Disciplinary Committee seeks an order, pursuant to 22 NYCRR 603.3, imposing reciprocal discipline on respondent predicated on a disbarment order issued by the Third Judicial District Court for the State of Utah on August 30, 1999, or, in the alternative, sanctioning respondent as this Court deems appropriate.*

Respondent has submitted a verified statement in which he asserts all three defenses enumerated at 22 NYCRR 603.3 (c): (1) lack of due process; (2) infirmity of proof; and (3) the Utah misconduct does not constitute misconduct in New York. He requests a hearing pursuant to 22 NYCRR 603.3 (b).

In May 1997, the Office of Attorney Discipline for the Utah State Bar (OAD) filed a five-count formal complaint with the Utah District Court which alleged as follows:

In 1992, respondent settled a dispute on behalf of his client, the Southmark Corporation, for $50,000 and deposited the settlement funds into his trust account. Respondent then sent Southmark a check for $28,800, representing its share of the funds. Southmark claimed that it had not authorized the settlement and returned the check to respondent with a letter stating the company was terminating its attorney-client relationship with respondent. In response, in January 1993, respondent advised Southmark by letter that he would hold the $28,800 in his trust account pending resolution of their dispute. In April 1994 and again in February 1995, Southmark demanded that respondent return the $28,800. Respondent failed to do so, prompting Southmark to complain to the OAD, which, after an investigation, brought disciplinary charges against respondent.

Respondent was charged with violating the Utah Rules of Professional Conduct rule 1.15 (a) and (b) and rule 8.4 (a), (b), (c) and (d). The OAD moved for partial summary judgment, which the Utah District Court granted, finding that respondent

---

* Petitioner notes that respondent failed to notify the Committee of his disbarment as required by 22 NYCRR 603.3 (d) and that the Committee was only recently apprised by the Utah State Bar of respondent's Utah disbarment. Further, respondent's answer makes reference to the fact that in March 2011 he was convicted of 27 federal charges related to a mortgage fraud scheme. It appears respondent failed to report this conviction in accordance with Judiciary Law § 90 (4) (c).

violated rule 1.15 (a), (b) and (c), and referred the matter for a sanction hearing.

Based on its finding that respondent intentionally misappropriated client funds for his own personal or business use, the Utah court issued its August 1999 order disbarring respondent and ordered he pay restitution to Southmark in the amount of $28,800 plus interest from April 15, 1994 (the date Southmark first demanded the return of the funds). Respondent was granted a stay pending appeal. On December 18, 2001, the Utah Supreme Court affirmed the District Court's order of disbarment (*Matter of Johnson*, 48 P3d 881 [Utah 2001]).

The only defenses that may be raised in a reciprocal disciplinary proceeding are those enumerated in 22 NYCRR 603.3 (c) (*see generally Matter of Sirkin*, 77 AD3d 320, 323 [2010]) and respondent has no defense under section 603.3 (c). Respondent received due process in the Utah proceeding (§ 603.3 [c] [1]). He had notice of the charges against him; submitted a response to the OAD's motion for partial summary judgment; presented his legal arguments and purported evidence in mitigation at the sanction hearing; and fully pursued an appeal before the Utah Supreme Court. Contrary to respondent's assertion, there was no infirmity of proof in the Utah proceeding (§ 603.3 [c] [2]). The Utah District Court explicitly "found that [respondent] intentionally misappropriated $28,800 in client funds" and "converted the $28,800 for his own use." The Utah Supreme Court's decision documents a well-developed record. Finally, the Committee correctly asserts that the misconduct for which respondent was disciplined in Utah would also constitute professional misconduct if committed in New York (§ 603.3 [c] [3]). This Court has consistently disbarred attorneys for intentional conversion of client funds (*see Matter of Holubar*, 84 AD3d 100 [2011]; *Matter of Sheehan*, 48 AD3d 163 [2007]; *Matter of Bernstein*, 41 AD3d 49 [2007]; *Matter of Kohn*, 31 AD3d 203 [2006]; *Matter of Pape*, 31 AD3d 156 [2006]; *Matter of Schmell*, 27 AD3d 24 [2006]).

Further, there is no compelling reason to depart from the order of disbarment imposed in Utah. In reciprocal discipline proceedings, this Court generally accords great weight to the sanction imposed by the jurisdiction in which the misconduct at issue occurred (*see Matter of Jaffe*, 78 AD3d 152, 158 [2010]; *Matter of Albom*, 241 AD2d 55 [1998]). "Deviation from the sanction imposed by the foreign jurisdiction is thus rare and warranted only where the sanction imposed by the foreign juris-

diction is at great variance with the sanction generally imposed by this jurisdiction for the same misconduct" (*Matter of Sirkin*, 77 AD3d 320, 323 [2010], *supra*; *see generally Matter of Chang*, 57 AD3d 151 [2008]).

Accordingly, respondent's request for a hearing under 22 NYCRR 603.3 (b) should be denied, the petition should be granted, and respondent should be disbarred and his name stricken from the roll of attorneys and counselors-at-law in the State of New York, effective the date hereof.

FREEDMAN, J.P., RICHTER, ABDUS-SALAAM, MANZANET-DANIELS and ROMÁN, JJ., concur.

Respondent disbarred, and his name stricken from the roll of attorneys and counselors-at-law in the State of New York, effective the date hereof.