[963 NYS2d 41]

In the Matter of Stephen A. Brusch (Admitted as Stephen Anthony Brusch), a Suspended Attorney, Respondent. Departmental Disciplinary Committee for the First Judicial Department, Petitioner.

First Department, April 2, 2013

**APPEARANCES OF COUNSEL**

*Jorge Dopico, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Kaylin L. Whittingham* of counsel), for petitioner.

No appearance for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent Stephen A. Brusch was admitted to the practice of law in the State of New York by the First Judicial Department on May 23, 1983 under the name Stephen Anthony Brusch. Respondent's last business address registered with the Office of Court Administration was in the United States Virgin Islands.

By petition dated June 1, 2012, the Departmental Disciplinary Committee moved for an order, pursuant to Judiciary Law § 90 (2) and Rules of the Appellate Division, First Department (22 NYCRR) § 603.3, disbarring respondent from the practice of law and striking his name from the roll of attorneys and counselors-at-law predicated upon similar discipline imposed by the Supreme Court of the Virgin Islands (VI Sup Ct BA Nos. 2007/64; 2007/65 [Mar. 3, 2008]) or, alternatively, sanctioning respondent as this Court deems appropriate. Respondent has not appeared in this proceeding.

This case involves two separate instances where respondent misappropriated client funds. In the first incident, Julio Colon, Jr. paid respondent a retainer of $10,000 in 2002 to handle certain probate and property matters. In November 2003, Colon informed respondent that he had retained other counsel and requested an immediate refund of the unused portion of his retainer. Respondent did not respond to Colon's letter, nor to the repeated requests of Colon's new counsel for a refund of the unused retainer.

In February 2004, Colon filed a grievance with the Virgin Islands Bar Association's Ethics and Grievance Committee (EGC), which notified respondent of the Colon grievance, advised him that an adjudicatory panel had been appointed to investigate the matter, and requested that respondent submit a response. Respondent, however, failed to do so. He also failed to appear at a September 2006 hearing even though he was given notice that if he failed to appear, the panel would adjudicate the merits of the grievance and impose sanctions on a default basis. He was deemed to have admitted all factual allegations and waived his right to object to the imposition of sanctions.

Following the hearing, the panel issued a decision in which it concluded that respondent had violated Model Rules of Professional Conduct rules 1.4 (a) (4) (requiring prompt response to

reasonable requests for information); 1.5 (a), (b) (rules governing fee agreements with clients); and 1.16 (d) (attorney's obligations upon termination of representation, including the return of any unearned fee). As to sanction, the panel found various aggravating factors and recommended respondent be disbarred.

The second matter involved Fitzgerald Morris, a blind man who retained respondent to represent him in a lawsuit. Although respondent settled Morris's action for $250,000, he retained $37,654.98 of the settlement proceeds and promised that payment would be forthcoming. Respondent, however, failed to remit the funds to Morris, who, in September 2005, filed a grievance with the EGC.

In November 2005, the EGC notified respondent of Morris's grievance and directed him to submit a response within 30 days. As in the Colon matter, respondent failed to submit a response or to appear at the scheduled hearing even though the panel advised him that, if he failed to appear, the panel would nonetheless review the merits of the grievance and, if warranted, impose sanctions.

The hearing was held the same day as the Colon grievance and adjudicated by the same EGC panel. The panel concluded that respondent violated Model Rules of Professional Conduct rules 1.4 (a) (4) (requiring prompt response to reasonable requests for information); 1.15 (d) (duty to safeguard client property); and 8.1 (b) (duty to comply with demands from designated disciplinary authorities). As to sanction, the panel found aggravating factors and recommended respondent be disbarred.

Based on the panel's decisions, the EGC petitioned the Supreme Court of the Virgin Islands for an order disbarring respondent. Further, based on an accompanying emergency petition, respondent was directed to show cause why he should not be immediately suspended pending a decision on the disbarment petitions. Respondent, represented by counsel, appeared before the Supreme Court at a hearing on the order to show cause, during which he admitted the allegations at issue. By order entered June 14, 2007, the Supreme Court immediately suspended respondent. The court noted that there were 11 pending grievances against respondent involving or relating to the misappropriation of client funds.

Thereafter, by order entered March 3, 2008, the Supreme Court adopted the EGC's liability findings (with the exception of its finding that respondent violated Model Rules of Profes-

sional Conduct rule 1.5 [a], [b]) and its sanction recommendation. The court also appointed an attorney-trustee over respondent's practice based on his failure to comply with certain provisions of the court's June 2007 suspension order.

It is this March 3, 2008 order of disbarment that forms the basis of the instant motion for reciprocal discipline. Since respondent has not appeared he has not asserted any of the defenses to reciprocal discipline enumerated at 22 NYCRR 603.3 (c), such as lack of notice and opportunity to be heard in the foreign jurisdiction; infirmity of proof; and the misconduct at issue in the foreign jurisdiction would not constitute misconduct in New York; nor are these defenses available. Respondent received notice of the Colon and Morris grievances and the hearings thereon, and although he defaulted before the EGC panel, he appeared before the Virgin Islands court (represented by counsel) in connection with the EGC's interim suspension and disbarment petitions. In addition, the panel's and court's findings are amply supported by the documentary evidence and respondent's admissions that he committed the ethical violations charged in the grievances.

Furthermore, respondent was found to have violated Model Rules of Professional Conduct rules 1.4 (a) (3) and (4), 1.15 (d), 1.16 (d), and 8.1 (b), which have corresponding provisions under New York's former Code of Professional Responsibility, thereby satisfying the third prong of the test (see DR 9-102 [22 NYCRR 1200.46]; DR 2-110 [a] [3] [22 NYCRR 1200.15 (a) (3)]; DR 1-102 [a] [22 NYCRR 1200.3 (a)]).*

Thus, the only issue left for this Court to decide is the appropriate sanction to be imposed. As a general rule in reciprocal disciplinary matters, this Court gives significant weight to the sanction imposed by the jurisdiction in which the charges were initially brought (see Matter of Kulcsar, 98 AD3d 161, 166 [1st Dept 2012]; Matter of Sobolevsky, 96 AD3d 60, 62 [1st Dept 2012]; Matter of Jaffe, 78 AD3d 152, 158 [1st Dept 2010]). Only in rare instances will this Court depart from its general rule (see Matter of Lowell, 14 AD3d 41, 48-49 [1st Dept 2004], appeal dismissed 4 NY3d 846 [2005], lv denied 5 NY3d 708 [2005]).

In addition, disbarment is in accord with this Court's precedent because respondent was found to have, inter alia, intentionally converted client funds (see Matter of Kennedy, 99 AD3d 75

---

* The former Disciplinary Rules apply in this instance because respondent's misconduct occurred prior to April 1, 2009.

[1st Dept 2012]; *Matter of Johnson*, 94 AD3d 157 [1st Dept 2012]; *Matter of Holubar*, 84 AD3d 100 [1st Dept 2011]; *Matter of Bernstein*, 41 AD3d 49 [1st Dept 2007]; *Matter of Schmell*, 27 AD3d 24 [1st Dept 2006]).

Accordingly, the petition should be granted pursuant to Judiciary Law § 90 (2) and 22 NYCRR 603.3 disbarring respondent from the practice of law and striking his name from the roll of attorneys and counselors-at-law.

ACOSTA, J.P., RENWICK, DEGRASSE, FREEDMAN and RICHTER, JJ., concur.

Respondent disbarred, and his name stricken from the roll of attorneys and counselors-at-law in the State of New York, effective the date hereof.