[971 NYS2d 91]

In the Matter of DIANE SERAFIN BLANK, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, August 27, 2013

**APPEARANCES OF COUNSEL**

*Jorge Dopico, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Orlando Reyes* of counsel), for petitioner.

No appearance for respondent.

**OPINION OF THE COURT**

Per Curiam.

Respondent Diane Serafin Blank was admitted to the practice of law in the State of New York by the First Judicial Department on February 14, 1972. At all times relevant to this proceeding, she has maintained a law practice within this Department.

The Departmental Disciplinary Committee now seeks an order pursuant to 22 NYCRR 605.15 (e), confirming findings of misconduct by the Hearing Panel, and imposing a sanction of disbarment.

This disciplinary proceeding arises out of complaints about respondent related to her handling of two separate client matters. One client, who retained respondent to represent her in a divorce action, asserted that respondent failed to take action in the case for 10 months, while holding a $3,115.50 balance from the retainer and failing to respond to messages. Respondent submitted a response to the complaint, in which she acknowledged the allegations, apologized to the client and expressed a desire to rectify any problems she had caused. She attributed her inaction to a series of health problems beginning in November 2006, including a malignant melanoma, two surgeries to remove abscesses from her pelvis, surgery on both wrists to treat carpal tunnel syndrome, bowel surgery, cataract surgery, and depression. Respondent also mentioned that she was experiencing dire financial difficulties, and that she had earned under $1,000 in profit from her law practice in the prior year.

On June 30, 2009, the Committee issued a letter of admonition in connection with the matter (and respondent's representation of a client in a separate divorce proceeding). In so doing, the Committee considered the severe health and financial difficulties respondent was experiencing and her efforts to make amends, including refunding the retainer in the separate matter. The Committee informed respondent that it expected her to expeditiously complete the divorce matter and warned that, in light of prior admonitions, further misconduct would likely result in charges and the pursuit of more serious discipline. Nevertheless, on April 23, 2010, the client renewed her complaint, asserting that she had been unable to communicate with respondent since April 2008 and that no progress had been made on her divorce. Respondent failed to respond to the complaint. On October 12, 2010, the client obtained a judgment

from Small Claims Court against respondent in the amount of $5,057.50, which respondent did not satisfy. When questioned under oath about her continued neglect of the matter, respondent admitted that she had no defenses to the complaint.

The second client matter out of which this proceeding arises was an estate matter in which respondent represented a beneficiary in a matter pending in Surrogate's Court, New York County. The client gave respondent a $2,500 retainer. On July 28, 2010, the client filed a complaint with the Committee, asserting that respondent failed to perform any services in her matter, failed to communicate with her, and failed to refund her retainer. On October 26, 2010, the client obtained a judgment from Small Claims Court against respondent in the amount of $2,595, which amount respondent has failed to pay.

On May 15, 2012, the Committee filed charges alleging 10 violations of the Rules of Professional Conduct. The charges alleged that respondent violated Rules of Professional Conduct (22 NYCRR 1200.0) rules 1.3 (b), 1.4 (a) (3), 1.16 (e) (two counts), 8.4 (c), (d) (three counts) and (h), by, inter alia, neglecting two clients' matters, failing to return unearned fees and satisfy two judgments, and failing to cooperate with the Committee's investigation. Respondent did not formally answer the charges, but initially participated in the investigation by, inter alia, appearing at two depositions. At the depositions, respondent attributed her conduct to her being "very ill and very depressed." She testified that she had undergone numerous surgeries, become increasingly depressed, lived on Social Security, had borrowed money from her estranged husband in order to avoid eviction, and indicated her wish to resign from the bar. Respondent further discussed the series of health problems she had, with her most recent surgery crippling her until May 2010, and that she had suffered from depression for many years. Respondent testified that her severe depression recurred in her 30s and again in 1997, following a health scare, her mother's death years earlier, the break-up of her marriage and IRS problems. Respondent stated that she had not satisfied the judgments obtained against her by her clients because she lived on $1,035 per month in Social Security. She testified that she was taking medication for depression and seeing a psychiatrist, for which she claimed to have documentation but which she did not submit.

Respondent challenged the need for a formal answer, stating: "Why do I have to . . . take my poor brain that can barely

remember where I am and write something down. I can't do it . . . I want out of this . . . I just can't do this anymore." Respondent hoped not to resume work on the complainants' cases, stating: "I don't think I'm capable of doing it anymore" and "I'd like to resign." Respondent stated that she only had one active client matter and had told those clients that she was retiring.

On July 12, 2012, the Referee held a liability hearing. Respondent failed to appear and, following the Committee's submission of documentary evidence to support the charges and evidence that respondent had adequate notice of the charges and the hearing, the Referee deemed the charges admitted pursuant to 22 NYCRR 605.12 (c) (4). On July 19, 2012, the Referee heard testimony and received evidence from the Committee relating to the sanction, including five prior letters of admonition as aggravation, and evidence to show that respondent had adequate notice of the sanction hearing. Four of the letters of admonition were related to respondent's neglect of client matters, and several mentioned respondent's clinical depression. The Committee also submitted statements from the complainants at the sanction hearing. In her affidavit, the divorce client stated that, because of respondent's conduct, she has been unable to afford a new attorney and complete her divorce, subjecting her to potential action by her husband's debtors.

Based upon the sustained charges and respondent's default, the Committee recommended disbarment. In a report dated September 6, 2012, the Referee sustained all the charges based upon respondent's failure to answer the complaint and contest the charges, resulting in the charges being deemed admitted. This finding was also based upon the evidence adduced at the liability hearing. With regard to the divorce client, the Referee found that respondent: neglected a legal matter in violation of rule 1.3 (b); engaged in dishonesty, fraud, deceit and misrepresentation in violation of rule 8.4 (c), when she falsely promised to conclude the divorce; failed to refund an unearned fee in violation of rule 1.16 (e); and engaged in conduct prejudicial to the administration of justice in violation of rule 8.4 (d), in failing to satisfy the Small Claims judgment and comply with the Committee's directive that she expeditiously complete the matter.

With regard to the estate client, the Referee found that respondent: failed to keep a client reasonably informed as to the

status of a legal matter in violation of rule 1.4 (a) (3); failed to refund an unearned fee in violation of rule 1.16 (e); and engaged in conduct prejudicial to the administration of justice in violation of rule 8.4 (d), in failing to satisfy the Small Claims judgment. The Referee further found that respondent engaged in conduct detrimental to the administration of justice in violation of rule 8.4 (d), in failing to register as an attorney and engaged in conduct that adversely reflects on her fitness to practice law in violation of rule 8.4 (h), in failing to respond to the charges and in the above conduct.

In aggravation, the Referee considered respondent's failure to answer the charges or appear at the hearing, despite being warned of the consequences, which supported disbarment. He also considered her five prior admonitions for handling matters for eight clients. The Referee noted that the latest admonition was partially based on respondent's undocumented health issues, and that the Committee had given her a chance to correct matters, which she failed to do, resulting in her client's being unable to afford an attorney to complete her divorce.

The Referee found respondent's own deposition testimony that she was "unable to fulfill her duties" and her "repeated[ ] offer[s] to resign from the Bar," to be "[m]ost telling," and reflected that "[o]ne can only feel a deep sadness" for respondent's predicament. The Referee further found there to be "no indication that Respondent is venal, corrupt, uncaring, untrained, or untalented. To the contrary[,] her academic achievements show her potential abilities, and her examination under oath suggests that she cares too much, rather than too little, about her clients' plights. This is . . . a tragedy."

Nevertheless, the Referee recognized that respondent had "been provided [with] multiple opportunities to seek medical assistance and to deal with her depression, without success" and there was "simply no reason to believe that she is able to practice law at even a minimally acceptable level." Accordingly, he "submit[ted] that we have reached the point where compassion for the Respondent should give way, however reluctantly, to the duty to protect the public from an attorney who is no longer capable of fulfilling her ethical responsibilities."

A Hearing Panel heard argument, at which respondent failed to appear, and issued a report confirming the Referee's findings of fact and conclusions of law and adopting his recommended sanction of disbarment. The Panel noted respondent's failure to respond to or contest the charges, to appear at the liability and sanction hearings, and to appear before the Panel.

The Committee now seeks an order pursuant to 22 NYCRR 605.15 (e) confirming the Hearing Panel's determination and recommendation. Respondent was properly served with this petition by mail but has not filed an answer.

The Hearing Panel's findings of fact and conclusions of law should be confirmed as respondent is deemed to have admitted the charges by failing to offer a defense for her actions (*see* 22 NYCRR 605.12 [c] [4]; *Matter of Holubar*, 84 AD3d 100 [1st Dept 2011]; *Matter of McClain-Sewer*, 77 AD3d 204 [1st Dept 2010]). Moreover, the charges are amply supported by the record, which includes respondent's admissions. Thus, the only remaining issue is the appropriate sanction to impose.

In keeping with precedents of this Court, we are constrained to disbar respondent based solely on her failure to answer the charges, respond to the Committee's requests and appear at the hearings (*Matter of Holubar*, 84 AD3d 100, 104 [1st Dept 2011], citing *Matter of Noland*, 223 AD2d 82, 83 [1st Dept 1996]; *Matter of Viscomi*, 197 AD2d 321 [1st Dept 1994]). This is unfortunate, because had respondent contested the charges she would have likely been subject only to a suspension, albeit a significant one (*see Matter of Alperin*, 66 AD3d 309, 312 [1st Dept 2009] [two-year suspension for neglect of five matters, deception to conceal neglect, with no prior discipline]; *Matter of O'Shea*, 25 AD3d 203 [1st Dept 2005] [two-year suspension for neglect of four matters, misrepresentations to clients, with psychological problems, and a prior admonition]; *Matter of Gill*, 225 AD2d 170 [1st Dept 1996] [three-year suspension for neglect of two matters, repeated misrepresentations to client, and creation of fictitious litigation papers]).

What makes this matter even more unfortunate is that, as pointed out by the Referee, respondent felt sincere remorse for her actions and wanted to make things right for her clients, but her crippling mental illness prevented her from even beginning to take steps to do so. Indeed, it is likely that the very mental illness which respondent appears to suffer from, and which seems to have led to the neglect charges in the first instance, prevented her from appearing in this proceeding and establishing her illness as a mitigating factor justifying suspension, or, at the very least, seeking an interim suspension pending a determination of her capacity to continue the practice of law, pursuant to 22 NYCRR 603.16. Nevertheless, because she did not take those actions, we have no choice but to uphold the sanction recommended by the Referee and the Hearing Panel.

Accordingly, the Committee's motion should be granted in its entirety, the findings of fact and conclusions of law of the Referee and the Hearing Panel confirmed, respondent disbarred, and her name stricken from the roll of attorneys and counselors-at-law in the State of New York, effective immediately.

MAZZARELLI, J.P., FRIEDMAN, DEGRASSE, FREEDMAN and MANZANET-DANIELS, JJ., concur.

Respondent disbarred, and her name stricken from the roll of attorneys and counselors-at-law in the State of New York, effective the date hereof.