OPINION OF THE COURT
Per Curiam.
Respondent was admitted to the practice of law in the State of New York by the Second Judicial Department on August 23, 1995 under the name Scott Alan Stern. Respondent committed the acts that give rise to this proceeding within the First Judicial Department.
The Departmental Disciplinary Committee now seeks an order pursuant to Rules of the Appellate Division, First Department (22 NYCRR) § 603.4 (d) confirming the findings of fact and conclusions of law in the report of the Referee and the Hearing Panel’s determination, and sanctioning respondent as this Court deems appropriate.
The relevant events began with respondent’s January 19, 2010 guilty plea to three counts of aggravated harassment in the second degree (Penal Law § 240.30, a class A misdemeanor), and two counts of stalking in the fourth degree (Penal Law § 120.45, a class B misdemeanor). These charges stemmed from respondent’s threats to do bodily harm to certain judges as well as the lawyers who represented his landlord in a summary proceeding that was brought against him. As a condition of the plea agreement, respondent was required to resign from the bar without the possibility of an application for reinstatement. On April 12, 2010, respondent submitted a purported affidavit of resignation from the bar and was sentenced to a conditional discharge. On April 29, 2010, the Committee made a motion before this Court for an order accepting respondent’s resignation from the practice of law and striking his name from the roll of attorneys. However, we notified respondent that the Committee’s motion could not be granted because his signature on the affi *87 davit was not notarized as required by 22 NYCRR 603.11. Subsequently, respondent submitted another affidavit that was notarized but deficient because it omitted the required acknowledgment that respondent could not have successfully defended himself on the merits with respect to any charges predicated on the misconduct being investigated by the Committee (see 22 NYCRR 603.11 [a] [3]). Accordingly, we denied the motion and remanded the matter to the Committee “for further disciplinary proceedings including the issue of respondent’s capacity.”
Pursuant to this Court’s order, the Committee examined respondent under oath on April 7, 2011. During his testimony, respondent admitted that in February 2009, he told a court clerk that he should be taken seriously and was “seriously considering resorting to violence.” At the examination, respondent also acknowledged his plea allocution by which he admitted that on February 17, 2009 he asked the clerk whether he would have to “come back [to the courthouse] with a bat.” Respondent also admitted at his examination that he sent a box cutter to a judge along with a letter directing her to show it to six other judges as well as his landlord’s attorneys. Following the examination under oath, the Committee attempted to have respondent examined by a psychiatrist for the purpose of obtaining an evaluation of his mental capacity. Respondent however failed to comply with the Committee’s several demands that he make himself available for the necessary psychiatric examination.
On February 5, 2013, in accordance with 22 NYCRR 605.11 (d), the Committee served respondent with a notice of charges and statement of charges arising out of the conduct underlying his guilty plea as well as his failure to cooperate with the Committee. Charges one through three set forth allegations of conduct that adversely reflected on respondent’s fitness as a lawyer in violation of Rules of Professional Conduct (22 NYCRR 1200.0) rule 8.4 (b) on the basis of his threats to do bodily harm to various judges. Charge four set forth an allegation of similar conduct in violation of rule 8.4 (b) on the basis of respondent’s threats to do bodily harm to his landlord’s attorneys. Charge five set forth an allegation that respondent engaged in conduct prejudicial to the administration of justice in violation of rule 8.4 (d) on the basis of his failure to cooperate with the Committee’s lawful demand that he appear for an evaluation by a mental health provider. Charge six set forth an allegation that respondent engaged in a pattern of misconduct that adversely reflected on his fitness as a lawyer in violation of rule 8.4 (h) on *88 the basis of all of the foregoing alleged conduct. Respondent was served with these charges but did not submit an answer.
On or about May 21, 2013, we granted the Committee’s motion for an order pursuant to 22 NYCRR 603.4 (e) (1) (i) and (ii) immediately suspending respondent from the practice of law based on his substantial admissions under oath that he committed acts of professional conduct as well as his failure to comply with the Committee’s lawful demands in connection with its investigation of his conduct (Matter of Stern, 108 AD3d 126 [1st Dept 2013]). Specifically, we found that respondent’s admitted threats of violence against judges and opposing counsel constituted professional misconduct that was prejudicial to the administration of justice (see Rules of Professional Conduct [22 NYCRR 1200.0] rule 8.4 [d]). We found that respondent’s threats constituted misconduct for the additional reason that they were illegal and adversely reflected on his fitness as a lawyer (Matter of Stern, 108 AD3d at 128, citing rule 8.4 [b]).
On May 9, 2013, a hearing was commenced before a Referee. Although informed of the hearing, respondent notified the Committee by email that he would not appear. In response, the Committee advised respondent that the hearing would proceed and that, upon his failure to appear, the charges against him would be deemed admitted pursuant to 22 NYCRR 605.12 (c). The Committee submitted documentary evidence at the hearing. In light of respondent’s failure to appear, the Referee deemed the charges admitted. The Committee argued before the Referee that respondent should be disbarred. By a report dated June 28, 2013, the Referee recommended disbarment citing respondent’s aforementioned failure to cooperate with the Committee as well as his egregious conduct consisting of his “mailing of box cutters, obscene email and voicemail messages, and the fear he put into numerous judges and lawyers due to his stalking and harassment of them.”
On July 30, 2013, a Hearing Panel began its consideration of the issue of sanction. Although informed of the proceeding before the Hearing Panel, respondent again elected not to appear. Among the evidence considered by the Hearing Panel was a hospital record that documented the fact that on January 31, 2009, respondent was admitted to the psychiatric ward of the UCLA Medical Center with a diagnosis of bipolar disorder. Although admitted on a voluntary basis, respondent was placed on an “involuntary hold” which terminated on February 9, 2009 when a court in California granted respondent’s writ of *89 habeas corpus, finding that he was not “gravely disabled.” By a report dated September 5, 2013, the Hearing Panel confirmed the Referee’s liability findings but disaffirmed the recommendation of disbarment. Here, the Hearing Panel cited what it considered to be clear signs “of respondent’s possible lack of capacity during both the period of the underlying acts of misconduct and at various times since then.” In lieu of disbarment, the Hearing Panel recommended that respondent be indefinitely suspended from practice pursuant to 22 NYCRR 603.16. Nonetheless, the Hearing Panel found that respondent refused to be examined by a qualified psychiatric expert and that he failed to answer the charges or appear at the hearings before the Referee and the Hearing Panel.
On the record before us, it does not appear that 22 NYCRR 603.16 provides for the imposition of an open-ended indefinite suspension. 22 NYCRR 603.16 (a), which the Hearing Panel cited, provides for an indefinite suspension where an attorney “has been involuntarily committed to a mental hospital.” Suspension under subdivision (a) would not be available in light of the fact that respondent’s aforementioned brief involuntary hospitalization in California was terminated upon a judicial finding that he was not gravely disabled. Subdivision (b) of the rule, which the Hearing Panel also cited, is inapplicable because the matter before us is not an application by the Committee for a determination of whether respondent is incapacitated. As noted above, the Committee’s application calls for our determination of the sanction to be imposed. The remaining subdivision, (c), does not apply because there is no claim that respondent is suffering from a disability that makes it impossible for him to defend himself in this proceeding.
In light of the foregoing, we disbar respondent based on his failure to cooperate with the Committee, answer the charges and appear at the hearings (Matter of Maruggi, 112 AD3d 180 [1st Dept 2013]; Matter of Blank, 110 AD3d 112 [1st Dept 2013]; Matter of Holubar, 84 AD3d 100 [1st Dept 2011]).
Accordingly, the Committee’s motion should be granted, the findings of fact and conclusions of law of the Referee and Hearing Panel confirmed, respondent disbarred, and his name stricken from the roll of attorneys and counselors-at-law in the State of New York, effectively immediately.
Mazzarelli, J.P, Sweeny, Saxe, DeGrasse and ManzanetDaniels, JJ., concur.
*90 Respondent disbarred, and his name stricken from the roll of attorneys and counselors-at-law in the State of New York, effective the date hereof.