[14 NYS3d 386]

In the Matter of James C. Jones (Admitted as James Carl Jones), a Suspended Attorney, Respondent. Departmental Disciplinary Committee for the First Judicial Department, Petitioner.

First Department, August 11, 2015

APPEARANCES OF COUNSEL

*Jorge Dopico, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Naomi F. Goldstein* of counsel), for petitioner.

*James C. Jones*, respondent pro se.

**OPINION OF THE COURT**

Per Curiam.

Respondent James C. Jones was admitted to the practice of law in the State of New York by the First Judicial Department on March 17, 1975, under the name James Carl Jones. At all times relevant to this proceeding, respondent has maintained an office for the practice of law within the First Department.

By order entered August 27, 2013, this Court immediately suspended respondent from the practice of law, pursuant to Rules of the Appellate Division, First Department (22 NYCRR) § 603.4 (e) (1) (i), until such time as disciplinary matters pending before the Departmental Disciplinary Committee (DDC) have been concluded and until further order of this Court (110 AD3d 126 [1st Dept 2013]). Respondent's interim suspension was based on, inter alia, his failure to comply with the Committee's requests for an answer to a 2012 complaint alleging that he neglected a client matter, failure to return the client's file, and failure to refund an unearned fee. In addition, respondent failed to appear for an examination under oath before the Committee pursuant to a judicial subpoena.

In August 2014, the Committee brought four charges against respondent alleging that by failing to comply with the Committee's requests that he submit answers to three disciplinary complaints, including the complaint that led to his interim suspension, and defaulting on a court-ordered subpoena to appear for a deposition he violated Rules of Professional Conduct (22 NYCRR 1200.0) rule 8.4 (d) (conduct prejudicial to the administration of justice) (three counts) and by engaging in this pattern of misconduct, which prevented the DDC from conducting its investigation, he violated rule 8.4 (h) (conduct

that adversely reflects on fitness as a lawyer). The Committee served respondent with the charges by first-class and certified mail, return receipt requested at his registered address, but he did not submit an answer.

On October 22, 2014, an independent Referee convened a hearing. Although respondent was "repeatedly notified" of the date, time, and place of the hearing, he failed to appear. Thereafter, the Referee upheld all four charges finding that they were deemed admitted pursuant to 22 NYCRR 605.12 (c) (4), and were fully supported by the documents received in evidence. The Referee then convened a sanction hearing on November 5, 2014. Respondent again failed to appear. By report dated December 4, 2014, the Referee recommended respondent be disbarred.

On January 30, 2015, a Hearing Panel heard oral argument. The Committee advised respondent of the date, time and place of the oral argument. For a third time, however, respondent did not appear, nor did he make any submission. By report dated February 23, 2015, the Hearing Panel confirmed the Referee's report in its entirety, including the recommendation of disbarment.

Now, by petition dated February 23, 2015, the Committee moves for an order, pursuant to 22 NYCRR 603.4 (d) and 605.15 (e), confirming the Hearing Panel's report in its entirety, disbarring respondent, and granting such other and further relief as this Court deems just and proper.

Despite the poor and unfortunate health condition of respondent, which this Court takes into consideration as a mitigating factor, this Court confirms the Hearing Panel's report in its entirety, including its recommendation of disbarment. Respondent has repeatedly demonstrated a disregard for the rules of the Court. The consistent nature of these acts of negligence and misconduct make respondent's actions, or rather, inactions, evident violations of rule 8.4 (d) and (h) of the Rules of Professional Conduct. Therefore, respondent has both conducted himself in a manner prejudicial to the administration of justice and in a manner that adversely reflects upon his fitness as a lawyer.

This Court has disbarred attorneys who have failed to cooperate with the Committee, answer charges, and appear at hearings despite previous evidence of lack of capacity or health related limitations (see Matter of Stern, 118 AD3d 85 [1st Dept 2014]). Moreover, in the strikingly analogous Matter of Blank

(110 AD3d 112 [1st Dept 2013]), despite evidence of mental illness, the respondent was disbarred for, inter alia, neglect of two client matters, failure to return unearned fees, failure to satisfy default judgments obtained by affected clients, and failure to answer charges and appear in at least one disciplinary proceeding.

Here, respondent had multiple opportunities to address the concerns of his clients, the requests of the Committee, the Referee, and the Hearing Panel. In aggravation, respondent has a prior admonition on his record from 2009 for, inter alia, commingling client and personal funds (Code of Professional Responsibility DR 1-102 [a] [7] [22 NYCRR 1200.3 (a) (7)] [general fitness]; DR 9-102 [a] [22 NYCRR 1200.46 (a)] [commingling]).

This Court considers the actions of respondent serious breaches of ethical and professional conduct. The integrity of the legal profession is compromised when counselors are uncooperative with administrative authority and fail to discharge their professional obligations to their clients. In this matter, respondent's three named clients have suffered financial harm. This Court agrees with the Hearing Panel's assessment that respondent could have chosen to, "associate[ ] other counsel to assist him in performing work that he could not physically do himself . . . [or] if Respondent could no longer perform his professional duties, he had an obligation to return all or part of the retainer funds he had accepted."

Moreover, this Court has ruled that either failure to cooperate with the Committee or a default on charges, coupled with an evasion of hearings before a panel, independently serve as sufficient basis for disbarment (*Matter of Maruggi*, 112 AD3d 180, 183 [1st Dept 2013]; *Matter of Holubar*, 84 AD3d 100, 104 [1st Dept 2011]; *Matter of Noland*, 223 AD2d 82, 83 [1st Dept 1996]).

Accordingly, the Committees's motion should be granted, the findings of fact and conclusions of law of the Hearing Panel confirmed, respondent disbarred, and his name stricken from the roll of attorneys and counselors-at-law in the State of New York, effective immediately.

ACOSTA, J.P., RENWICK, SAXE, RICHTER and CLARK, JJ., concur.

Respondent disbarred, and his name stricken from the roll of attorneys and counselors-at-law in the State of New York, effective the date hereof.