[49 NYS3d 133]

In the Matter of TREVOR A. REID, a Suspended Attorney, Respondent. ATTORNEY GRIEVANCE COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, March 15, 2017

APPEARANCES OF COUNSEL

*Jorge Dopico, Chief Attorney, Attorney Grievance Committee,* New York City (*Vitaly Lipkansky* of counsel), for petitioner.
No appearance for respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent Trevor A. Reid was admitted to the practice of law in the State of New York by the Third Judicial Department on January 17, 1979. At all times relevant herein, respondent maintained an office for the practice of law within the First Judicial Department.

On or about October 23, 2015, the Departmental Disciplinary Committee (now the Attorney Grievance Committee) served respondent with a notice and statement of charges alleging that he committed nine acts of professional misconduct; this was later amended to eight charges. The charges stemmed from respondent's improper use of his attorney trust account, and alleged that he misused his trust account to shield his personal funds from seizure by New York State tax authorities, commingled client funds with business and personal funds, testified falsely at an examination under oath (i.e., deposition) before the Committee, and failed to cooperate with the Committee's investigation in violation of Rules of Professional Conduct (22 NYCRR 1200.0) rules 1.15 (a) and (b) (1), and 8.4 (c), (d) and (h).

By order and decision entered January 14, 2016, upon motion of the Attorney Grievance Committee, this Court suspended respondent, pursuant to former 22 NYCRR 603.4 (e) (1) (i), for failure to cooperate with the Committee's investigation of two complaints filed against him and a sua sponte investigation regarding his trust account (137 AD3d 25 [1st Dept 2016]).

After hearings on liability and sanctions, which respondent was notified of but ignored, a Referee appointed by this Court sustained all the charges alleged against respondent. He recommended that respondent should be disbarred. The Referee predicated his recommendation upon a finding that respondent engaged in serious misconduct, disregarded the Committee's proceedings and defaulted as to the charges.

Subsequently, a Hearing Panel heard oral argument despite respondent's nonappearance. The Hearing Panel issued its written report adopting the Referee's report in full, including his recommendation of disbarment.

The Committee now seeks an order confirming the Hearing Panel's report in full and disbarring respondent; or in the alternative, confirming the Referee's report in full and disbarring respondent. Respondent defaulted in the proceeding below and has not submitted a response to the instant motion to disbar despite having been served.

Initially, we note the Committee served respondent with the charges at his registered address, which is also his home address, by first-class mail and certified mail return receipt requested, but he did not submit an answer. On January 12, 2016, the Committee wrote respondent advising him that he was in default under 22 NYCRR 605.12 (c) (4), that any allegation or charge would, therefore, be deemed admitted, his failure to appear at the hearing could be deemed an aggravating factor which could result in his disbarment, and noted the date of the hearing. The letter was sent to respondent by email, first-class mail, and certified mail return receipt requested. The Committee received back a signed return receipt with a signature that appears to be that of respondent. By letter dated January 15, 2016, the Committee again advised respondent of the date and time of the hearing and the possible consequences if he failed to appear; the letter was emailed to respondent and mailed to his registered/home address by express mail, which was delivered on January 16, 2016. By January 19, 2016 email, respondent was again advised of the date and time of the Referee hearing.

On January 20, 2016, the Referee found that respondent had received sufficient notice of the hearing and proceeded in his absence, finding that respondent defaulted with respect to the charges, and thus they were deemed admitted.[1]

The evidence presented at the hearing established that from at least June 2010 through March 2013 respondent misused his trust account to shield his personal funds from being seized by New York State tax authorities based on tax warrants filed against him for failure to pay unemployment tax. In addition to client funds, respondent deposited personal funds into his trust account (i.e., commingled funds) out of which he paid

---

1. The notice of charges advised respondent that his failure to submit an answer would be deemed an admission of the charges. Under the new Rules of the Appellate Division, First Department (22 NYCRR) § 603.8 (b) (3) (iv), "In the event the respondent fails either to serve and file an answer or respond specifically to any allegation or charge, such allegation shall be deemed admitted."

business and personal obligations which included his rent, child support, and credit card bills.

Respondent entered into an agreement with the New York State Department of Labor (DOL) whereby he agreed to pay off his tax debt of $77,492.21 by making a down payment of $15,000 and thereafter making monthly payments of approximately $4,000. In March 2013, respondent made the initial $15,000 payment and, in April 2013, one $4,000 installment payment; thereafter, he made no further payments. At his September 10, 2014 examination under oath before the Committee, respondent testified, in sum and substance, that he was "a little bit behind" in his tax payments under the agreement, "but [he] kept in touch with [tax authorities] now as opposed to ignor[ing] them." In fact, respondent had not made any payments for 18 months prior to his deposition and, as of July 2015, his tax debt stood at over $72,000, including interest and penalties; the DOL deemed respondent in default of the agreement and commenced an enforcement action against his property.

In addition, respondent failed to provide the Committee with requested documents and information which included answers to two complaints filed against him.

The Referee reviewed the documentary evidence and based thereon, in addition to respondent's default, sustained the charges and commenced a sanction hearing. The Committee introduced three prior admonitions issued to respondent: in 1993, respondent issued nine escrow checks which were dishonored and he failed to maintain required account records; in 2006, he neglected a personal injury matter; and in 2013, he failed to pay unemployment tax to New York State from 1998 to 2012. The charges herein arise from respondent's failure to meet his unemployment tax obligations after 2012.

Following the close of the hearing, by letter dated January 20, 2016, the Committee advised respondent as to what transpired at the hearing and that the Referee had afforded him one week within which to present mitigation. The Committee received back a signed return receipt for the certified mailing bearing a signature which appears to be that of respondent. Respondent did not present any mitigation, nor did he contact the Referee or the Committee.

By letter dated February 3, 2016, a copy of which was sent to respondent, the Committee advised the Referee that it had not heard from respondent and asked the Referee to admit ad-

ditional account records showing that respondent continued to pay personal expenses out of his trust account.

By letter dated February 5, 2016, the Referee advised respondent that he had until February 10, 2016 to raise any objections to the additional exhibits offered by the Committee, and directed the parties to submit briefs on sanction by March 26, 2016. Respondent raised no objections and the Referee, by letter dated February 17, 2016, admitted the aforementioned exhibits.

By letter dated March 17, 2016, a copy of which was sent to respondent, the Committee requested that the Referee admit an additional exhibit; namely, a letter from the DOL dated March 17, 2016, which stated that respondent's outstanding tax debt stood at $78,851.73. Respondent did not reply to the letter and the Referee admitted the exhibit.

In his report dated April 28, 2016, the Referee set forth his findings of professional misconduct:

> "[a]s stated in the Charges, Respondent, in at least the years 2010 (June) through March 30, 2013, conducted his practice in the most extraordinary manner, completely at odds with the New York Rules of Professional Conduct (RPC). He incurred a tax liability to the State of New York, Department of Labor, for arrears in his payment of unemployment insurance, and to avoid pending levies on his income he placed all his personal funds in his attorney/client trust account, and continued to use that account to pay all his professional and personal expenses. Later he falsely, or misleadingly, stated to the Committee that he was 'a little bit behind' in his tax payments, when in fact his last payment, one of only two, had been made eighteen months before his testimony. In addition Respondent's complete abdication of his duty to cooperate with the Committee, and his failure to respond to inquiries, or to letters notifying him of the proceedings against him, together with his failure to appear at his hearing or to in any manner respond to the charges, all display a lawyer who has lost his way and is in an apparently permanent state of denial of his own irresponsible conduct, professional and otherwise" (citations omitted).

As to sanction, the Referee found that the record before him warranted disbarment. In part the Referee concluded:

"[e]ven if Respondent had not utterly failed to cooperate, his professional misconduct, as alleged in the Charges and completely documented, was serious enough, considering prior admonitions as well, to recommend disbarment. The length of time involved, and the active nature of his practice, with many clients unknowingly reposing their trust in him, demonstrate by clear and convincing evidence, that Respondent is not fit to continue to practice law."

Respondent was notified of the date of oral argument before the Hearing Panel and advised that his failure to appear could result in disbarment. He never responded. In confirming the Referee's report in full, the Hearing Panel concluded that, by virtue of respondent's failure to appear, he had admitted the charges by way of default; and, based on the relevant case law such failure standing alone warranted his disbarment. In addition, the Panel found respondent's misuse of his trust account to evade tax authorities in conjunction with his material false testimony to the Committee regarding his payments to the DOL further supported his disbarment.

By this motion, the Committee moves for an order, pursuant to former 22 NYCRR 603.4 (d) and 605.15 (e) (2) (rescinded October 1, 2016), confirming the Hearing Panel's report in full and disbarring respondent because it would be impracticable to apply the new procedural rules since none of the proceedings outlined in the new rules (22 NYCRR part 1240) took place in this proceeding, and a Hearing Panel determination was issued in July 2016, and there would be no prejudice to respondent as he had a full and fair opportunity to be heard. In the alternative, if this Court determines that part 1240 applies in this matter, the Committee asks that the Referee's report and recommendation of disbarment be affirmed pursuant to 22 NYCRR 1240.8 (b) (1).[2]

By joint order of the Appellate Division dated September 29, 2016, the Presiding Justices directed that 22 NYCRR part 1240 shall apply to all disciplinary investigations or proceedings pending before the Committee or the Court as of October 1, 2016, "unless otherwise ordered by the Court upon a showing

2. The charges in this matter were brought under 22 NYCRR parts 603 and 605, which have been rescinded and replaced by Rules for Attorney Disciplinary Matters (22 NYCRR) part 1240, which do not provide for Hearing Panels.

that application [thereof] to the matter would result in substantial prejudice to a party or would be manifestly unjust or impracticable under the circumstances." Here, given that both the Referee and Hearing Panel reports are in complete agreement, we find no prejudice to respondent in applying section 1240.8 (b) (1) and for this Court to consider confirmation of the Referee's report.

The Committee's motion should be granted and respondent disbarred. Respondent's failure to answer the charges or appear at the hearings warrant admission of all the charges and disbarment. This Court has ruled that either failure to cooperate with the Committee or a default on charges, coupled with an evasion of hearings before a panel, serve as independent grounds for disbarment (*Matter of Jones*, 132 AD3d 105, 108 [1st Dept 2015]; *Matter of Maruggi*, 112 AD3d 180, 183 [1st Dept 2013]; *Matter of Holubar*, 84 AD3d 100, 104 [1st Dept 2011]).

Moreover, the Referee's liability findings are amply supported by the documentary evidence presented by the Committee. That evidence showed that respondent committed serious escrow related misconduct, failed to cooperate with a disciplinary investigation, testified falsely before the Committee, and has a prior disciplinary history, which, in toto, warrant his disbarment (*see e.g. Matter of Alejandro*, 65 AD3d 63 [1st Dept 2009], *appeal dismissed* 13 NY3d 788 [2009], *lv denied* 13 NY3d 714 [2009] [disbarred for pattern of misconduct that included misuse of escrow account to evade judgment creditors and State tax authorities and false testimony before Committee]).

Accordingly, the Committee's motion should be granted to the extent of affirming the Referee's findings of fact and conclusions of law, and respondent disbarred, and his name stricken from the roll of attorneys and counselors-at-law in the State of New York, effective immediately.

Tom, J.P., Acosta, Richter, Moskowitz and Manzanet-Daniels, JJ., concur.

Respondent disbarred, and his name stricken from the roll of attorneys and counselors-at-law in the State of New York, effective the date hereof.