Matter of Savitt (2018 NY Slip Op 02762)





Matter of Savitt


2018 NY Slip Op 02762


Decided on April 24, 2018


Appellate Division, First Department


Per Curiam



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 24, 2018
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Rolando T. Acosta,Justice Presiding,
Dianne T. Renwick
Rosalyn H. Richter
Peter Tom
Troy K. Webber,Justices.


M-3396 M-4307

[*1]In the Matter of Richard P. Savitt, (admitted as Richard Paul Savitt) an attorney and counselor-at-law: Attorney Grievance Committee for the First Judicial Department, Petitioner, Richard P. Savitt, Respondent.



Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent, Richard P. Savitt, was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the Third Judicial Department on November 26, 1996.



Jorge Dopico, Chief Attorney,
Attorney Grievance Committee, New York
(Elizabeth A. Palladino, Esq., of counsel), for petitioner.
Respondent pro se.
M-3396, C


Per Curiam


Respondent Richard P. Savitt was admitted to the practice of law in the State of New York by the Third Judicial Department on November 26, 1996, under the name Richard Paul Savitt. At all times relevant herein, he has maintained an office within the First Judicial Department.
The Attorney Grievance Committee (Committee) has charged respondent with three violations of the New York Rules of Professional Conduct (22 NYCRR 1200.0) in connection with respondent's appearance at trial in Davler Media Group, LLC v Astro Gallery of Gems, when the judge in that matter denied respondent's demand that she recuse herself from the case [FN1]. Specifically, the charges allege that respondent engaged in undignified and discourteous conduct and conduct that is prejudicial to the administration of justice when he stated, in support of his request for recusal, that Judge Debra Rose Samuels had made false statements against him and was personally biased against him (rules 3.3[f][2] and 8.4[2]); engaged in undignified and discourteous conduct by threatening, in open court, to file a complaint against Judge Samuels with the Commission on Judicial Conduct (rule 3.3[f][2]); and engaged in conduct that adversely reflects on his fitness as a lawyer, as it relates to the foregoing conduct (rule 8.4[h]). Respondent defaulted on the petition.
The Committee now moves, pursuant to the Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.9(a)(1), for an order: 1) finding respondent in default in responding to the petition of charges and deeming all the allegations contained therein admitted; 2) immediately suspending respondent based upon this default; and 3) referring this matter to a referee for the issue of sanctions only.
Specifically, the notice of petition directed respondent to serve and file an answer and supporting papers at least seven days before May 18, 2017 (the notice date) and warned that, should he fail to either timely file and serve an answer or respond specifically to any allegation or charge therein, such allegation or charge would be deemed admitted pursuant to Rules of the Appellate Division, First Department (22 NYCRR) § 603.8(b)(3)(iv). The petition filed with this Court did not have an affidavit of service attached.
On or about July 11, 2017 respondent filed opposition papers to the default motion and cross-moved for an order dismissing the petition of charges, or, alternatively, an extension of time to file an answer.
A petition of charges must be served personally (Judiciary Law § 90[6]) unless otherwise directed by the Court (22 NYCRR 1240.8[a][1]). Here, the Committee served respondent with the petition of charges by email (on March 20), personal service at his office (on March 21) and by first class mail (on March 22).
The Committee contends that since respondent failed to serve an answer or otherwise respond to the petition, he should be found in default and all allegations contained therein be deemed admitted (Matter of Reid, 149 AD3d 114 [1st Dept 2017][failure to answer charges or appear for hearings warranted admission of charges]; Matter of Holubar, 84 AD3d 100 [1st Dept 2011][same]).
In support of an immediate suspension, the Committee relies on 22 NYCRR 1240.9(a)(1) which provides:
"(a) A respondent may be suspended from practice on an interim basis during the pendency of an investigation or proceeding on application or motion of a [*2]Committee, following personal service upon the respondent, or by substitute service in a manner approved by the Presiding Justice, and upon a finding by the Court that the respondent has engaged in conduct immediately threatening the public interest. Such a finding may be based upon: (1) the respondent's default in responding to a petition, notice to appear for formal interview, examination, or pursuant to subpoena under these Rules..."
Notably, attached to the Committee's default motion is an affidavit of service, sworn to March 22, 2017, regarding the Committee's service of the petition of charges by first class mail, and an "affirmation" of service by a Committee investigator, sworn to June 26, 2017, related to personal service of the petition of charges.
Respondent, pro se, contends that he was never personally served "nor received in any manner" the Committee's petition of charges prior to July 3 when he "retriev[ed]" them from the Committee's office.
In his cross motion to dismiss the Committee's petition, respondent avers that he has a meritorious defense to each and every claim; he has documentary evidence to refute all the allegations; and he needs more time to present a defense because he must go through thousands of pages of documents and records. Respondent argues that his time to answer has not started to run because of improper service, lack of personal jurisdiction and the fact that the Committee did not timely file the original affidavit of service with this Court pursuant to CPLR 308(2) (Nalodka v Nalodka, 38 Misc 3d 1233[A], 2013 NY Slip Op 50375(U) [Sup Ct, Kings County 2013] [where affidavit of service never filed, service not completed and the defendant's time to answer never began, motion for summary judgment in lieu of complaint denied and action dismissed]). In the alternative to dismissing the proceeding, respondent requests an extension of time to file an answer, pursuant to CPLR 2004.
The Committee avers that it came to its attention in late June/early July 2017 that the affidavit of personal service had not been prepared and/or submitted with the original petition of charges filed with the Court on or about March 23, 2017. Accordingly, on July 6, 2017, the Committee filed with this Court two affidavits of personal service of the petition of charges, sworn to by the Committee investigator, correcting defects of his previous affidavit of service dated June 26. Thereafter, Committee staff realized this affidavit was not written in accordance with CPLR 308(2) and, thus, on August 8, 2017, an amended affidavit of personal service by the investigator was filed with the Court [FN2]. The Committee now asks that this affidavit of service be deemed filed nunc pro tunc to March 23, 2017 (see Lancaster v Kindor, 98 AD2d 300, 306 [1st Dept 1984], affd 65 NY2d 804 [1985]["(d)elay in filing proof of proper service under CPLR 308 is merely a procedural irregularity, not jurisdictional, and may be corrected nunc pro tunc by the court"]).
The Committee argues that it did effectuate proper service under CPLR 308(2) by personally serving "Connie" who was "a person of suitable age and discretion at the actual place of business" and then by mailing a copy of the petition of charges the next day to respondent's business address. The Committee challenges respondent's suggestion that the rule requires that such person be an employee or otherwise officially authorized to accept service.
The Committee notes that the Committee investigator personally served papers twice at respondent's office and on both occasions he encountered "Connie" at the front/desk reception area who accepted service on respondent's behalf. While respondent asserts that he does not [*3]know "Connie" and there is no one at his actual place of business to accept service, the Committee points out that "Connie" had previously accepted service of the July 2016 Admonition it issued respondent, evidenced by her signature on the return receipt card for the certified mailing, and respondent did not object to service then.
The Committee also questions respondent's claim that he did not receive the copy of the petition of charges that was mailed to his office since the USPS tracking document reflects it was delivered on March 23, and the mailing was never returned to the Committee. Moreover, the Committee emailed a copy of the petition to respondent pursuant to his standing direction. In August 2016, respondent was deposed by the Committee, during which he testified that he had sustained an injury in a car accident and requested that all communication between him and clients and the Committee be emailed. Further, on June 28, 2017, after he received the Committee's default motion, respondent sent the Committee an email acknowledging that he had requested the Committee to send all correspondence via email in addition to hard copies but he now attributed that request to his having to work in Connecticut.
CPLR 308(2) requires proof of service to be filed with the court within 20 days of delivery or mailing, and service is then completed 10 days after such filing. The Committee admits that it did not timely file an affidavit of service but contends that this is a ministerial failure which "do[es] not defeat an otherwise properly commenced action, but are mere nonjurisdictional irregularities" (Bell v Bell, Kalnick, Klee & Green, 246 AD2d 442, 443 [1st Dept 1998]). Moreover, it notes that in Public Adm'r of County of N.Y. v Markowitz (163 AD2d 100, 100-101 [1st Dept 1990]), we held:
"[a]ll that is required under CPLR 308(2), with respect to personal service, is that process be served upon a person of suitable age and discretion at the actual place of business,' regardless of whether or not that person is an employee or is otherwise officially authorized to accept service on behalf of the defendant. With regard to the mailing requirement, the hearing court accepted the testimony of the process server that the papers were properly mailed to the defendant's home address. The defendant's mere denial of receipt by mail at his home, without further probative facts, is insufficient to overcome the presumption of delivery which attaches to a properly mailed letter" (citations omitted).
Nor is authorization to accept service required for service to be proper (City of New York v VJHC Dev. Corp., 125 AD3d 425 [1st Dept 2015]).
We find that respondent has failed to rebut the Committee's evidence of proper service. Jurisdiction was properly attained over respondent where the petition of charges was delivered to "Connie" at respondent's actual place of business and then mailed the next day to respondent's office, and any defects in the affidavit of service or the failure to timely file said affidavits with this Court are irregularities that can be properly cured by deeming it filed nunc pro tunc (Bell v Bell, Kalnick, Klee & Green, 246 AD2d at 443; see also Air Conditioning Training Corp v Pirrote, 270 App Div 391, 393 [1st Dept 1946][there is a difference between service and proof of service with the fact of proper service, which confers jurisdiction]).
In addition to proper personal service, respondent was given notice of the petition of charges via the Committee's emails to him (pursuant to his instructions), even if he could not open the attachments by using his cell phone, where the subject line and text of the email advised him of the nature of the petition, its return date, and that he would be receiving hard copies via personal service at his office and by mail.
With regard to respondent's request for an extension of time to answer the petition because, despite his request for documents and records that are in the control of the Committee, the Committee has refused and neglected to turn them over to him, the record does not bear this out.
In addition to finding respondent in default and deeming the charges admitted, he should be immediately suspended from the practice of law since his default in responding to the petition [*4]constitutes conduct that immediately threatens the public interest under 1240.9(a)(1).
The Court agrees with the Committee's recommendation to appoint a referee to hold a hearing regarding issues in mitigation and aggravation, and an appropriate sanction to impose for respondent's misconduct as laid out in the petition of charges. Respondent's cross motion is denied in its entirety.[FN3]
Accordingly, the Committee's motion to adjudicate respondent in default should be granted, the charges in the petition are deemed admitted, the Committee's affidavit of service of August 8, 2017 is deemed timely filed nunc pro tunc, respondent is immediately suspended from the practice of law pursuant to 22 NYCRR 1240.9(a)(1), and a referee is appointed to hold a hearing to consider evidence in mitigation or aggravation, if any, and to recommend an appropriate sanction to be imposed upon respondent, and respondent's cross motion should be denied.
All Concur
Order filed [April 24, 2018]
Motion to adjudicate respondent in default is granted, the charges are deemed admitted, respondent is suspended from the practice of law, effective immediately, and until further order of this Court. The proceeding is referred to referee James T. Shed, Esq., 172 West 82nd Street, #4C, New York, NY 10025 to conduct a hearing solely as to the appropriate sanction to be imposed upon respondent.



Footnotes

Footnote 1:Previously, in July 2016, the Committee issued a letter of Admonition against respondent for the misconduct alleged in charges 3-5. Thereafter, respondent rejected the Admonition and requested a hearing instead; the Admonition was vacated and the petition of charges resulted.

Footnote 2:The Committee has also filed a "Supplemental [Committee investigator] Affidavit" sworn to August 10, 2017, which provides more details concerning personal service regarding the petition of charges.

Footnote 3:Nine charges based on separate incidents have been addressed by separate order (M-1669).