Matter of Swanson (2019 NY Slip Op 03156)





Matter of Swanson


2019 NY Slip Op 03156


Decided on April 25, 2019


Appellate Division, First Department


Per Curiam.



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 25, 2019
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Hon. David Friedman,Justice Presiding,
Judith J. Gische
Barbara R. Kapnick
Troy K. Webber
Ellen Gesmer, Justices.


&em;

[*1]In the Matter of Julia Swanson, a suspended attorney: Attorney Grievance Committee for the First Judicial Department, Petitioner, Julia Swanson, (OCA Atty. Reg. No. 2506525) Respondent.



Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent, Julia Swanson, was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the First Judicial Department on November 4, 1992.



Jorge Dopico, Chief Attorney, Attorney Grievance Committee, New York (Raymond Vallejo, of counsel), for petitioner.
Respondent pro se.



Per Curiam.


Respondent Julia Swanson was admitted to the practice of law in the State of New York by the First Judicial Department on November 4, 1992 [FN1]. At all times relevant to this proceeding, respondent maintained a business address in California, where she was also admitted to practice law.
The Attorney Grievance Committee (the Committee) seeks an order, pursuant to the doctrine of reciprocal discipline as set forth in Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.13, disbarring respondent predicated upon discipline imposed by the Supreme Court of California. Respondent has not appeared herein.
In September 2016, the State Bar of California charged respondent with willfully violating California Business and Professions Code § 6106 and California Rules of Professional Conduct (RPC) 4-100(A) and (B)(4) for misappropriating and failing to promptly remit settlement proceeds she deposited into her client trust fund account on behalf of her clients. Respondent was further charged with willfully violating California RPC 4-100(A) by commingling funds, in that she issued 12 checks drawn against her client trust account to pay for her personal expenses.
After failing to answer the charges, the California State Bar Court entered a default against respondent and the charges were deemed admitted. Thereafter, by order filed October 12, 2017, the Supreme Court of California disbarred respondent from the practice of law in the State of California.
The misconduct for which respondent was disciplined in California would constitute misconduct in New York in violation of New York Rules of Professional Conduct (22 NYCRR 1200.0) rule 1.15(a) (misappropriation and commingling of client funds), rule 1.15(c) (failure to pay to a client funds that the client was entitled to receive), and rule 8.4(c) (conduct involving dishonesty, fraud, deceit or misrepresentation). Accordingly, reciprocal disbarment is warranted (see Matter of Blumenthal, 165 AD3d 85 [1st Dept 2018]; Matter of Reid, 149 AD3d 114 [1st Dept 2017]). Moreover, significant weight should be given to the sanction imposed by the jurisdiction where the misconduct occurred because the foreign jurisdiction has the greatest interest in fashioning sanctions for misconduct (see Matter of Jaffe, 78 AD3d 152, 158 [1st Dept 2010]).
Accordingly, the Committee's motion for an order disbarring
respondent pursuant to 22 NYCRR 1240.13 should be granted and respondent's name stricken from the roll of attorneys and counselors-at-law in the State of New York, effective immediately.
All concur.
Order Filed. [April 25, 2019]
The Committee's motion is granted to the extent of imposing reciprocal discipline pursuant to 22 NYCRR 1240.13, and respondent is disbarred from the practice of law, and her name stricken from the roll of attorneys and counselors-at-law in the State of New York, effective the date hereof, and until further order of this Court,



Footnotes

Footnote 1:By order of October 21, 2010, respondent was suspended from the practice of law in New York for failure to file attorney registration statements and for failure to pay biennial registration fees. To date, respondent has not been reinstated to the practice of law in New York.