Matter of Miller (2019 NY Slip Op 07517)





Matter of Miller


2019 NY Slip Op 07517


Decided on October 17, 2019


Appellate Division, First Department


Per Curiam



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 17, 2019
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Hon. Angela M. Mazzarelli,Justice Presiding,
Barbara R. Kapnick
Troy K. Webber
Ellen Gesmer
Cynthia S. Kern, Justices.


M-3731

[*1]In the Matter of Jeffrey Anthony Miller, an attorney and counselor-at-law: Attorney Grievance Committee for the First Judicial Department, Petitioner, Jeffrey Anthony Miller, Respondent.



Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent, Jeffrey Anthony Miller, was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the Third Judicial Department on November 29, 1990.



Jorge Dopico, Chief Attorney, Attorney Grievance Committee, New York (Elisabeth A. Palladino, of counsel), for petitioner.
Respondent pro se.



PER CURIAM.


Respondent Jeffrey A. Miller was admitted to the practice of law in the State of New York by the Third Judicial Department on November 29, 1990, under the name Jeffrey Anthony [*2]Miller. At all times relevant to this proceeding, respondent maintained a registered address within the First Judicial Department.
The Attorney Grievance Committee (AGC) seeks an order, pursuant to the Rules for Attorney Disciplinary Matters as set forth in 22 NYCRR § 1240.13, for this Court to impose reciprocal discipline on respondent disbarring him predicated upon his disbarment by the Supreme Court of California.
In June 2017, the Office of Chief Trial Counsel of the State Bar of California (OCTC) charged respondent with 13 counts of violating the California Rules of Professional Conduct (CA RPC) and the California Business and Professions Code (CA BPC). These charges included willfully violating CA BPC 6106 by issuing nine checks when he knew - or was grossly negligent in not knowing - there were insufficient funds in his client trust account to pay the checks, misappropriating $67,800 in one client matter, misappropriating $24,997.65 in another client matter and misappropriating $140,894.84 from nine other clients; willfully violating CA RPC 4-100(A) by failing to deposit funds and/or
maintain funds received for his clients' benefit into an attorney trust account; willfully violating CA BPC 6068(a) by failing to place client funds in trust and thereafter misappropriating them and by failing to timely pay medical liens; and willfully violating CA BPC 6068(i) by failing to provide a substantive response to the allegations in a disciplinary investigation after being contacted by the OCTC.
Respondent defaulted in the California disciplinary proceeding, the California State Bar Court entered a default against respondent and the charges were deemed admitted. Thereafter, by order filed December 20, 2018, the Supreme Court of California disbarred respondent from the practice of law in the State of California.
The AGC now moves for reciprocal discipline, maintaining that the prerequisites for reciprocal discipline have been satisfied because respondent was afforded due process in the California disciplinary proceeding, the evidence sufficiently established his misconduct and his misconduct in California would also constitute in misconduct in New York. As to sanction, the AGC asserts that the relevant precedent supports respondent's disbarment in New York. Respondent has not submitted a response to the AGC's motion.
In a proceeding seeking reciprocal discipline pursuant to 22 NYCRR 1240.13, respondent may raise the following defenses: (1) a lack of notice and opportunity to be heard in the foreign jurisdiction; (2) an infirmity of proof establishing the misconduct; or (3) that the misconduct at issue in the foreign jurisdiction would not constitute misconduct in New York. As respondent has not submitted a response, he has not raised any of the aforementioned defenses.
In any event, none of the defenses under 22 NYCRR 1240.13 apply to this matter. Respondent received notice of the charges brought against him but knowingly defaulted in the California disciplinary proceeding. In addition, the misconduct findings made by the State Bar Court and California Supreme Court are sufficiently supported by the record. Further, the misconduct for which respondent was disciplined in California would constitute misconduct in New York in violation of New York Rules of Professional Conduct (22 NYCRR 1200.0) rules 1.15(a) (prohibition against commingling and misappropriation of client funds); 1.15(b)(2) (failure to maintain client funds in a special account separate from the lawyer's business or personal accounts); 1.15(c)(4) (failure to promptly pay to the client as requested by the client funds in possession of the lawyer which the client is entitled to receive); and 8.4(c) (conduct involving dishonesty, fraud, deceit or misrepresentation).
Turning now to the appropriate sanction to be imposed, as a general rule, in reciprocal discipline matters, this Court gives significant weight to the sanction imposed by the jurisdiction in which the charges were initially brought (see Matter of Peters, 127 AD3d 103, 109 [1st Dept 2015]; Matter of Cardillo, 123 AD3d 147, 150 [1st Dept 2014]). Disbarment is in accord with this Court's precedent involving similar misconduct (see Matter of Swanson, 172 AD3d 14 [1st Dept 2019]; Matter of Blumenthal, 165 AD3d 85 [1st Dept 2018]; Matter of Frants, 160 AD3d 171 [1st Dept 2018]; Matter of Reid, 149 AD3d 114 [1st Dept 2017]).
Accordingly, the AGC's motion for an order disbarring respondent pursuant to 22 NYCRR 1240.13 should be granted and respondent's name stricken from the roll of attorneys and counselors-at-law in the State of New York, effective immediately.
All concur.
Order filed. [October 17, 2019]
The Committee's motion pursuant to 22 NYCRR 1240.13 is granted, respondent is disbarred and his name stricken from the roll of attorneys and counselors-at-law in the State of New York, effective immediately.