Matter of Arnold (2019 NY Slip Op 09351)





Matter of Arnold


2019 NY Slip Op 09351


Decided on December 26, 2019


Appellate Division, First Department


Per Curiam.



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 26, 2019
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Hon. Rosalyn H. Richter,Justice Presiding,
Judith J. Gische
Barbara R. Kapnick
Cynthia S. Kern
Peter H. Moulton,Justices.


&em;

[*1]In the Matter of Robert E. Arnold III, (admitted as Robert Edward Arnold III) an attorney and counselor-at-law: Attorney Grievance Committee M-3730 for the First Judicial Department, Petitioner, Robert E. Arnold III, Respondent.



Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent, Robert E. Arnold III, was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the First Judicial Department on April 15, 1996.



Jorge Dopico, Chief Attorney,
Attorney Grievance Committee, New York
(Raymond Vallejo, of counsel), for petitioner.
Respondent pro se.



PER CURIAM.


Respondent Robert Edward Arnold III was admitted to the practice of law in the State of New York by the First Judicial Department on April 15, 1996. At all times relevant to this proceeding, respondent maintained an office for the practice of law in Kansas.
By order entered June 12, 2018, the Supreme Court of Missouri disbarred respondent from the practice of law for, inter alia, misappropriating settlement proceeds, inadequate trust fund records, violating client confidentiality and failing to respond to a lawful demand of disciplinary authorities.
The Attorney Grievance Committee (the Committee) now seeks an order, pursuant to Judiciary Law § 90(2), the Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.13 and the doctrine of reciprocal discipline, disciplining respondent predicated upon the discipline imposed by the Supreme Court of Missouri and directing respondent to demonstrate why discipline should not be imposed for the underlying misconduct, or, in the alternative, sanctioning respondent as this Court deems appropriate. Respondent has also been disbarred in Connecticut and Kansas based upon his misconduct in Missouri. Respondent was served with the Committee's motion but he has not submitted a response.
In August 2016, the Missouri Supreme Court Disciplinary Committee charged respondent with misconduct arising out of his representation of a client, who he represented in a child custody and support case (family law case) as well as a personal injury case related to a motor vehicle accident. Respondent entered into a retainer agreement for the family law case and had a written contingency fee agreement for the personal injury case, pursuant to which he would receive 33% of a settlement plus expenses.
Respondent submitted an answer denying many of the allegations made against him and requesting a disciplinary hearing. He also filed a second amended answer in which he admitted he failed to maintain sufficient funds in his trust account to satisfy certain medical liens until such time as the liens were resolved in an interpleader action filed with the court.
A hearing was held in April and August 2017 by the Advisory Committee to a Disciplinary Hearing Panel where respondent, represented by counsel, testified on his own behalf, presented testimony from several character witnesses and offered exhibits. In a decision dated November 21, 2017, the Disciplinary Hearing Panel found, inter alia, that respondent settled the personal injury case for the $25,000 limit of the at-fault driver's insurance policy and deposited the funds into his trust account. He thereafter transferred all of the settlement funds into his operating account despite the fact that his client never gave her consent for respondent to keep the entire settlement amount. After his client threatened to sue him for misconduct, respondent filed an attorney lien against his client's family law case, alleging his client owed him more than $15,000, and then filed a civil interpleader action against her regarding the distribution of the settlement proceeds. Without her informed consent and without her implied authorization, respondent attached an affidavit in support of the interpleader action that included personal information about his client related to his representation of her in the family law case. Following a July 2014 trial in the interpleader action, the court awarded $8,276 to the client, $6,350 to her health care providers and $10,373 to respondent. Respondent eventually satisfied these awards. The disciplinary proceeding followed the verdict.
In its decision, the Hearing Panel found respondent's conduct to have violated numerous Rules of Professional Conduct by failing to keep the settlement funds in his trust account; withdrawing more than his contractual fee from his trust account; failing to correct his original representation to a Kansas disciplinary investigator that the funds belonging to his client and the medical lien holders remained in his trust account; failing to maintain complete records of his client's trust funds; failing to respond to a lawful demand for information from a disciplinary authority by not producing various requested documents; failing to provide his client an itemized statement; misappropriating the settlement proceeds; denying his client the opportunity to have the fees reviewed if she so desired pursuant to the retainer agreement; and by revealing certain personal information about his client relating to matters not directly related to the distribution of the proceeds from the settlement of the personal injury case without his client's consent.
After considering evidence in aggravation and mitigation, the Hearing Panel recommended that respondent's license to practice law be suspended indefinitely with no leave to apply for reinstatement for one year, suspension to be stayed and respondent to be placed on probation for one year.
Following submission of the complete record before the Disciplinary Hearing Panel to the Supreme Court of Missouri, the court issued a one-page order finding respondent violated Missouri's Rules of Professional Conduct 4-1.5(a) (a lawyer shall not make an agreement for, charge, or collect an unreasonable fee or an unreasonable amount for expenses); 4-1.5(c) (failure to promptly provide a contingency fee remittance statement); 4-1.6 (a lawyer shall not reveal confidential client information); 4-1.15(d) (failure to maintain complete trust account records); 4-1.15(i) (misappropriation of trust funds); 4-8.1(c) (failure to respond to demand of disciplinary authorities); and 4-8.4(d) (conduct prejudicial to the administration of justice) and ordered respondent be disbarred.
The Committee now moves for reciprocal discipline, maintaining that the prerequisites for reciprocal discipline have been satisfied because respondent was afforded due process in the Missouri disciplinary proceeding, the record included sufficient evidence of professional misconduct on his part and respondent's misconduct in Missouri would also constitute misconduct in New York. As to sanction, the Committee asserts that the relevant precedent supports the imposition of disbarment.
In a proceeding seeking reciprocal discipline pursuant to 22 NYCRR 1240.13, respondent may raise the following defenses: (1) a lack of notice and opportunity to be heard in the foreign jurisdiction; (2) an infirmity of proof establishing the misconduct; or (3) that the misconduct at issue in the foreign jurisdiction would not constitute misconduct in New York. As respondent has not submitted a response, he has not raised any of the aforementioned defenses.
In any event, none of the defenses under 22 NYCRR 1240.13 apply to this matter. Respondent received notice of the charges, he submitted answers and, while represented by counsel, he participated in the hearings before the Hearing Panel and participated in briefing and argument before the court. In addition, the misconduct findings made by the Supreme Court of Missouri are sufficiently supported by the record.
The misconduct for which respondent was disciplined in Missouri would also constitute misconduct in New York in violation of this state's Rules of Professional Conduct (22 NYCRR 1200.0) rules 1.15(a)(prohibition against commingling and misappropriation of client or third party funds); 1.15(c)(failure to promptly pay to a client or third party funds in possession of the lawyer which the client or third person is entitled to receive); 1.15(d)(failure to maintain bookkeeping records); 1.5(c)(failure to promptly provide a contingency fee remittance statement); 1.6(a)(client confidentiality); and 8.4(d)(conduct prejudicial to the administration of justice).
Turning now to the appropriate sanction to be imposed, as a general rule in reciprocal discipline matters, this Court gives significant weight to the sanction imposed by the jurisdiction in which the charges were initially brought (see Matter of Peters, 127 AD3d 103, 109 [1st Dept 2015]; Matter of Cardillo, 123 AD3d 147, 150 [1st Dept 2014]). Disbarment, the discipline imposed by the Supreme Court of Missouri, is in accord with this Court's precedent involving similar misconduct (see e.g. Matter of Blumenthal, 165 AD3d 85 [1st Dept 2018]; Matter of Frants, 160 AD3d 171 [1st Dept 2018]; Matter of Reid, 149 AD3d 114 [1st Dept 2017]).
Accordingly, the motion for reciprocal discipline should be granted, respondent disbarred and his name stricken from the roll of attorneys and counselors-at-law in the State of New York.
All concur.
Order filed. [December 26, 2019]
The Committee's motion for reciprocal discipline is granted, respondent is disbarred and his name is stricken from the roll of attorneys and counselors-at-law in the State of New York.